427 So.2d 202 (1983)
Ronald HOGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-747.
District Court of Appeal of Florida, Fourth District.
January 12, 1983.
Rehearing Denied March 16, 1983.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant was charged by indictment with Count I, sexual battery by a person over 18 on a victim 11 years or younger, and Count II, kidnapping. Prior to trial appellant moved to dismiss the sexual battery indictment because the Florida Supreme Court had recently struck down the death penalty for sexual battery in Buford v. *203 State, 403 So.2d 943 (Fla. 1981). Apparently before the Buford ruling the predecessor trial judge had ordered a twelve person jury. However, the judge who tried the case determined there should be a six person jury. Appellant was convicted of attempted sexual battery and kidnapping, and sentenced to two consecutive thirty year terms in prison.
Initially appellant contends that the trial court erred in requiring him to be tried by a six person jury instead of a jury of twelve. His argument is that sexual battery committed by one over 18 years upon a victim 11 years or younger is a capital felony.[1] Section 913.10, Florida Statutes (1981), and Florida Rule of Criminal Procedure 3.270 are identical and provide that: "Twelve persons shall constitute a jury to try all capital cases, and six persons shall constitute a jury to try all other criminal cases." Therefore, since he was being tried for a capital crime, appellant was entitled to the benefits of a twelve person jury.
The argument is logical, but fallacious, because the major premise is invalid. Although the statute cited does provide that the sexual battery of a victim eleven years or younger by one over eighteen years is a capital felony, case law demonstrates that is no longer correct. As the Supreme Court of Florida said in Rowe v. State, 417 So.2d 981, 982 (Fla. 1982):
A capital offense is one that is punishable by death. In Florida, murder in the first degree is the only existing capital offense.
Prior to the effective date of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the only capital crimes in Florida were first degree murder (see also Section 790.161, Florida Statutes (1971)) and rape (sexual battery). During the hiatus period after Furman there were no capital crimes in Florida because the Florida death penalty had been nullified. Thus, upon adoption of Section 775.082, Florida Statutes (Supp. 1972), the death penalty was restored for first degree murder. As the Supreme Court said in Reino v. State, 352 So.2d 853, 857 (Fla. 1977):
The compelling tenor of Donaldson [v. Sack, 265 So.2d 499 (Fla. 1972)] is to the effect that all attributes of capital crimes, procedural or substantive, fall when and so long as the death penalty is abolished.
Unfortunately, the legislature has not cleaned up some of the statutes so that they are consistent with the current status of the law in this area. However, we hold that sexual battery of a victim eleven years of age or younger by one over eighteen years of age is not now a capital crime and thus appellant was not entitled to be tried by a twelve person jury.
Next, appellant contends that, if the court holds that sexual battery is not a capital crime, the sentence of thirty years is illegal. We agree. Since sexual battery is a life felony, rather than a capital felony, the crime of attempted sexual battery carries a maximum sentence of fifteen years. Sections 777.04(4)(b) and 775.082(3)(c), Florida Statutes (1981).
Finally, it is suggested by appellant that the sentence for kidnapping cannot stand because there was no confinement, abduction, or imprisonment apart from the restraint involved in the sexual battery itself. Without appearing to agree with that analysis of the situation, we decline to pass on the question because it is not properly preserved below on either the motion for judgment of acquittal or motion for new trial.
Accordingly, we affirm the judgment and sentence appealed from in all respects except the sentence for attempted sexual battery, *204 which is reversed and remanded for resentencing consistent with this opinion. Appellant need not be present for the resentencing.
AFFIRMED IN PART; REVERSED IN PART, with directions.
BERANEK and WALDEN, JJ., concur.
NOTES
[1] Section 794.011(2), Florida Statutes (1981), provides: "A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person 11 years of age or younger in an attempt to commit sexual battery upon said person commits a capital felony punishable as provided in ss. 775.082 and 921.141. If the offender is under the age of 18, that person shall be guilty of a life felony, punishable as provided in s. 775.082, s. 775.083-, or s. 775.084."