429 So.2d 1378 (1983)
Chris RUSAW, Appellant,
v.
STATE of Florida, Appellee.
No. 82-883.
District Court of Appeal of Florida, Second District.
April 29, 1983.
*1379 Jerry Hill, Public Defender, and L.S. Alperstein, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and David T. Weisbrod, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
The only significant question on this appeal is whether a person convicted of sexual battery under section 794.011(2), Florida Statutes (1981), may receive a minimum mandatory twenty-five year sentence.
Appellant was convicted of sexual battery under section 794.011(2) which reads as follows:
(2) A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person 11 years of age or younger in an attempt to commit sexual battery upon said person commits a capital felony punishable as provided in ss. 775.082 and 921.141. If the offender is under the age of 18, that person shall be guilty of a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The court sentenced appellant to life imprisonment with the requirement that he serve at least twenty-five years before becoming eligible for parole.
Since appellant was eighteen years or older at the time the crime was committed, he had committed a capital felony punishable according to section 775.082, Florida Statutes (1981). That section provides:
(1) A person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole unless the proceeding held to determine sentence according to the procedure set forth in s. 921.141 results in findings by the court that such person shall be punished by death, and in the latter event such person shall be punished by death.
Notwithstanding, appellant argues that because the supreme court in Buford v. State, 403 So.2d 943 (Fla. 1981), held the death penalty for sexual battery unconstitutional, the commission of a sexual battery is no longer a capital felony. He points out that in Rowe v. State, 417 So.2d 981 (Fla. 1982), decided after Buford, the court said, "A capital offense is one that is punishable by death. In Florida, murder in the first degree is the only existing capital offense." 417 So.2d at 982. Thus, he asserts that he can be sentenced for no more than a life felony which does not authorize the imposition of the twenty-five year minimum mandatory term in prison. § 775.082(3)(a), Fla. Stat. (1981).
The case of Hogan v. State, 427 So.2d 202 (Fla. 4th DCA 1983), supports appellant's position. There, as here, the defendant was charged with sexual battery by a person *1380 over eighteen on a victim eleven years or younger. Based upon the recent supreme court ruling in Buford, the trial judge tried the case before a jury of six persons rather than twelve. The defendant was convicted of attempted sexual battery under section 794.011(2) and sentenced to thirty years' imprisonment. On appeal, the defendant contended that the judge erred in ordering a trial by a six-person jury since both section 913.10, Florida Statutes (1981), and Florida Rule of Criminal Procedure 3.270 provide that twelve persons constitute a jury to try all capital cases. The court rejected this argument by reasoning that all attributes of sexual battery as a capital crime fell when the death penalty for that offense was abolished. The court also held that sexual battery under section 794.011(2) was therefore a life felony for which the attempt to commit carried a maximum sentence of fifteen years.
Our sister court's analysis concerning the six-member jury was consistent with the opinion in Donaldson v. Sack, 265 So.2d 499 (Fla. 1972), in which the supreme court wrestled with the problems of how to treat first degree murder prosecutions after the death penalty had been held unconstitutional in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). We note, however, that the Donaldson opinion specifically preserved the sentencing under section 775.082(1) when it said:
We find no difficulty with a continuation of the sentencing for these former "capital offenses" under § 775.082(1) as automatically life imprisonment upon conviction, inasmuch as that is the only offense left in the statute... . The elimination of the death penalty from the statute does not of course destroy the entire statute. We have steadfastly ruled that the remaining consistent portions of statutes shall be held constitutional if there is any reasonable basis for doing so and of course this clearly exists in these circumstances.
265 So.2d at 502-03.
Thus, we hold that even though sexual battery under section 794.011(2) is not a capital crime in the sense that it may result in the imposition of the death penalty, the punishment for that crime must still be imposed under section 775.082(1) to its constitutional limits. This means that one convicted under section 794.011(2) must be automatically "punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole." § 775.082(1). The supreme court must have felt the same way when it struck down the death penalty for sexual battery in Buford v. State because it directed that the defendant be "imprisoned for life, with no eligibility for parole during the first twenty-five years." 403 So.2d at 954.
Our holding in this case is further buttressed by section 775.082(2), Florida Statutes (1981), which reads:
(2) In the event the death penalty in a capital felony is held to be unconstitutional by the Florida Supreme Court or the United States Supreme Court, the court having jurisdiction over a person previously sentenced to death for a capital felony shall cause such person to be brought before the court, and the court shall sentence such person to life imprisonment as provided in subsection (1).
Thus, it is apparent that the legislature intends for the penalties prescribed by section 775.082(1) to fully apply to capital felonies to the extent that they are constitutionally permissible.
Our decision may not squarely conflict with the holding in Hogan because in that case there was never any intention to punish under section 775.082(1). The defendant had been convicted of attempted sexual battery and his sentence was merely reduced from thirty to fifteen years. However, the premise for the Hogan sentence reduction was that sexual battery under section 794.011(2) is now a life felony for all purposes including sentencing. Because we take a contrary position, we hereby certify this case to the supreme court as being in direct conflict with the decision of another district court of appeal on the same question of law. Fla. Const. art. V, § 3(b)(3).
AFFIRMED.
HOBSON, Acting C.J., and SCHOONOVER, J., concur.