PER CURIAM.
The defendant, a person over the age of eighteen, was charged with sexual battery of a person eleven years of age or younger in violation of Section 794.011(2), Florida Statutes (1981). He entered a plea of guilty to this charge in reliance on the trial court’s pre-plea ruling that since the death penalty for this offense had been struck down as unconstitutional,[1] and the offense was thereby no longer a capital crime, the defendant would be sentenced to life imprisonment without any requirement that he serve a minimum mandatory prison term of twenty-five years before becoming eligible for parole. The trial court, true to its earlier ruling, imposed a life sentence with no minimum mandatory prison term. The State appeals.
While the ruling of the trial court is not without support, see Hogan v. State, 427 So.2d 202 (Fla. 4th DCA 1983) (defendant charged with sexual battery under Section 794.011(2) not entitled to twelve-person jury, since offense no longer capital crime after death penalty abolished); see also Rowe v. State, 417 So.2d 981 (Fla.1982), we agree with the decision of the Second District in Rusaw v. State, 429 So.2d 1378 (Fla. 2d DCA 1983), that
“even though sexual battery under Section 794.011(2) is not a capital crime in the sense that it may result in the imposition of the death penalty, the punishment for that crime must still be imposed under Section 775.082(1) to its constitutional limits. This means that one convicted under Section 794.011(2) must be automatically 'punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole.’ ” 429 So.2d at 1380.
Accordingly, we reverse the sentence imposed and remand the cause for the imposition of the sentence mandated by Section 775.082(1), Florida Statutes (1981), without prejudice, of course, to the right of the defendant to file an appropriate motion to vacate his conviction and plea as being made under a misapprehension of the sentence he would receive.
We hereby certify to the Supreme Court the following question as being one which will have a great effect on the administration of justice throughout the state:
Must a defendant convicted of a violation of Section 794.011(2), Florida Statutes (1981), be sentenced to life imprisonment with the requirement that he serve no less than twenty-five years before becoming eligible for parole, as provided in Section 775.082(1), Florida Statutes?
Reversed and remanded.

. See Buford v. State, 403 So.2d 943 (Fla.1981).