444 So.2d 492 (1984)
Carl DUKE, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2087.
District Court of Appeal of Florida, Second District.
January 11, 1984.
*493 Jerry Hill, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Appellant Carl Duke appeals from judgments and sentences entered after jury verdicts finding him guilty of two counts of attempted sexual battery under section 794.011(2), Florida Statutes (1981). A review of the record reveals that there was sufficient, competent evidence to support and uphold the verdicts. Therefore, we do not deem it necessary to set forth the odious facts involved here.
In the two-count information, appellant was charged with one count of attempting to insert his penis in the anus of a five-year-old female child and a second, separate count of attempting to insert his penis in the vagina of said child.
The trial court sentenced appellant to thirty years on Count I and thirty years on Count II to run consecutive to the term imposed on Count I. In addition, the court ordered appellant, who had been adjudged insolvent, to pay court costs pursuant to sections 960.20 and 943.25(4), Florida Statutes (1981).
Appellant first alleges that the trial court committed reversible error in sentencing him to thirty years on each count. In support of his position, he relies on the authority of our supreme court in Buford v. State, 403 So.2d 943 (Fla. 1981), wherein that court announced that a violation of section 794.011(2) is no longer a capital crime.
Appellant contends that inasmuch as a conviction under 794.011(2) is no longer a capital felony, it drops one category to life felony. § 775.081(1), Fla. Stat. Therefore, assuming sexual battery is only a life felony, attempted sexual battery is a second degree felony which carries a maximum term of fifteen years. §§ 777.04(4)(b) and 775.082(3)(c), Fla. Stat.
As further support for his position, appellant directs us to the holding of our sister court in Hogan v. State, 427 So.2d 202 (Fla. 4th DCA 1983). There, as here, the defendant was charged with sexual battery under section 794.011(2), Florida Statutes. In Hogan, the court rejected the argument that the trial court erred in ordering a six-person jury by reasoning that all facets of sexual battery as a capital offense disappeared when the death penalty for that offense was abolished. The court also held, as appellant argues, that sexual battery is a life felony, with the attempt to commit carrying a maximum sentence of fifteen years.
What appellant apparently fails to recognize is this court's opinion in Rusaw v. State, 429 So.2d 1378 (Fla. 2d DCA 1983)[1] that held
even though sexual battery under section 794.011(2) is not a capital crime in the sense that it may result in the imposition of the death penalty, the punishment for that crime must still be imposed under section 775.082(1) to its constitutional limits. This means that one convicted under section 794.011(2) must be automatically "punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole." Section 775.082(1).
In so holding, this court followed the lead of the Florida Supreme Court in Donaldson v. Sack, 265 So.2d 499 (Fla. 1972) wherein the court preserved the sentencing under section 775.082(1) when it said:

*494 We find no difficulty with a continuation of the sentencing for these former "capital offenses" under § 775.082(1) as automatically life imprisonment upon conviction, inasmuch as that is the only offense left in the statute... . The elimination of the death penalty from the statute does not of course destroy the entire statute. We have steadfastly ruled that the remaining consistent portions of statutes shall be held constitutional if there is any reasonable basis for doing so and of course this clearly exists in these circumstances.
265 So.2d at 502-03. Because of the foregoing language in Donaldson, we expressly disagreed with the premise in Hogan that sexual battery under 794.011(2) is a life felony for all purposes including sentencing. Therefore, applying our analysis in Rusaw to the instant case, appellant committed two first degree felonies, § 777.04(4)(a), Fla. Stat., and therefore was correctly sentenced to thirty years for each violation. § 775.082(3)(b).
Appellant next contends the attack on the victim constituted only a single violation of the sexual battery statute and therefore the trial court erred in sentencing him for both offenses. Specifically, appellant submits that the elapsed period of time (a matter of seconds) was insufficient to separate one attempted penetration from the other. We disagree.
Section 794.011(1)(f) defines sexual battery as follows:
"Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery shall not include acts done for bona fide medical purposes.
As the statute indicates, each act is a sexual battery of a separate character and type which logically requires different elements of proof. Clearly, penetration of the vagina and penetration of the anus are distinct acts necessary to complete each sexual battery. Therefore, notwithstanding the short interval of time involved here, we believe each act is a separate criminal offense.
Appellant cites the case of Wade v. State, 368 So.2d 76 (Fla. 4th DCA 1979), as authority for his contention on this point. However, the opinion in Wade did not articulate the facts relied upon by the court in making its determination; and, therefore, we are unable to conclude whether the case is applicable to the factual situation before us.
In his third point, appellant asserts that the trial court erred in pronouncing sentence when the court had reasonable grounds to believe appellant was insane. At the sentencing hearing, counsel for appellant argued that based on the trial testimony and on the reports of the four court-appointed experts indicating appellant's permanent brain damage, the court should set a hearing to determine sanity pursuant to Florida Rule of Criminal Procedure 3.740. We point out that the trial judge stated that he had no evidence before him indicating that appellant was insane prior to passing sentence. The court further noted that
[t]here is no evidence before me as of the present time that he does not understand the nature of these proceedings. He has been restored to his competency to stand trial[,] and I think that he is as competent as he presumes to have been during the course of the trial. He hasn't changed since he came back from Chattahoochee[,] and he was determined to be competent to stand trial and that he is still competent, not only to stand trial, but to stand before the Court during the course of this sentencing.
The record discloses that each doctor's testimony related to appellant's mental state at the time of the offense and at the time of the doctors' original examinations of appellant, which had taken place months prior to the date of the sentencing hearing. In the absence of evidence indicating insanity at the time of sentencing, the trial judge is not required to order such an examination. Cabe v. State, 408 So.2d 694 (Fla. 1st DCA 1982), cert. denied, 435 So.2d 821 *495 (Fla. 1983); Gray v. State, 310 So.2d 320 (Fla. 3d DCA 1975). Having found no abuse of discretion, we conclude the trial court properly denied appellant's request for further psychiatric examination.
Finally, appellant contends, and correctly, that the trial court erred in imposing costs in light of the fact that he had been declared insolvent. See Brown v. State, 427 So.2d 271 (Fla. 2d DCA 1983),[2] and W.R.P. v. State, 426 So.2d 1307 (Fla. 2d DCA 1983).
For the reasons stated herein, we AFFIRM the judgments and sentences but STRIKE the court costs imposed under sections 960.20 and 943.25(4), Florida Statutes (1981).
SCHEB and LEHAN, JJ., concur.
NOTES
[1] Question certified as being in direct conflict with the decision in Hogan v. State, 427 So.2d 202 (Fla. 4th DCA 1983) on the same question of law.
[2] Question certified as being in direct conflict with the decision in Jenkins v. State, 422 So.2d 1007 (Fla. 1st DCA 1982).