PER CURIAM.
Mendoza, a person over the age of eighteen, was charged, tried and convicted of the offense of sexual battery of a person eleven years of age or younger, a violation of Section 794.011(2), Florida Statutes (1981). The trial court sentenced Mendoza to life imprisonment, requiring him to serve a minimum mandatory prison term of twenty-five years before becoming eligible for parole.
After his conviction was affirmed on appeal, see Mendoza v. State, 427 So.2d 212 (Fla. 3d DCA 1983), Mendoza moved in the trial court to correct his sentence, asserting that since the death penalty can no longer be imposed for sexual battery, the offense is no longer a capital crime punishable by a denial of eligibility of parole for twenty-five years. The trial court granted Mendoza’s motion and changed the sentence to a term of imprisonment of thirty years. The State appeals.
Having recently held that notwithstanding that sexual battery is not a capital crime in the sense that it may result in the imposition of the death penalty, it must nonetheless be punished by life imprisonment with the requirement that the defendant serve no less than twenty-five years before becoming eligible for parole, see State v. Jimenez, 443 So.2d 204 (Fla. 3d DCA 1983), we reverse the thirty-year sentence imposed and remand the cause for the imposition of the sentence originally and correctly imposed as being mandated by Section 775.082(1), Florida Statutes (1981). As we did in State v. Jimenez, we certify to the Supreme court the following question as being one which will have a great effect on the administration of justice throughout the state:
Must a defendant convicted of a violation of Section 794.011(2), Florida Statutes (1981), be sentenced to life imprisonment with the requirement that he serve no less than twenty-five years before becoming eligible for parole, as provided in Section 775.082(1), Florida Statutes?
Reversed and remanded.