453 So.2d 67 (1984)
Robert COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. AU-145.
District Court of Appeal of Florida, First District.
March 2, 1984.
Michael Allen, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Andrew Thomas, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Cooper, a person under 18 years of age, was charged by information with sexual battery upon a 10-year-old child pursuant to Section 794.011(2), Florida Statutes (1981), which provides that such an offense is a "capital felony." The jury found him guilty of the lesser offense of "assault with intent to commit sexual battery," which is actually an aggravated assault under Section 784.021(1)(b), Florida Statutes (1981).[1] Cooper asserts on appeal that the trial court erred in denying his motion requesting a 12-member jury and his motion to dismiss the information on the grounds that he was entitled to be proceeded against by grand jury indictment. We affirm.
In Buford v. State, 403 So.2d 943 (Fla. 1981), the Court extended the holding of Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), (which reversed the death penalty imposed for the rape of an adult woman) to the rape of a child, the Florida Supreme Court holding that the death penalty for child rape was violative of the Eighth Amendment's proscription against cruel and unusual punishment. After Buford, death was no longer a possible penalty in Florida for sexual battery, regardless of the age of the victim. The defendant in the instant case was, therefore, never at risk of the imposition of the death penalty for the October, 1982, offense with which he was charged.
Nevertheless, appellant claims that he was entitled to be proceeded against by indictment and to be tried by a 12-member jury and relies upon certain provisions of Florida law which he says require reversal. Article I, Section 15 of the Florida Constitution provides, in pertinent part:
"(a) No person shall be tried for capital crime without presentment or indictment by a grand jury. .. ."
Also, Section 913.10, Florida Statutes (1981), and Fla.R.Crim.P. 3.270 provide for a jury of 12 persons in all "capital cases." *68 However, these provisions governing the manner of charging capital crimes and the number of petit jurors required to try such crimes are procedural attributes of capital crimes and fall when the death penalty is abolished. Cf. Reino v. State, 352 So.2d 853, 857 (Fla. 1977); Donaldson v. Sack, 265 So.2d 499 (Fla. 1972); compare Rowe v. State, 417 So.2d 981 (Fla. 1982). We are simply not persuaded that the fact that Section 794.011(2) defines sexual battery of a child 11 years of age or younger as a "capital felony" means, as appellant urges, that the above procedural requirements are still applicable notwithstanding the fact that the capital feature of the crime has been effectively eliminated.
Appellant relies in part upon Milliken v. State, 398 So.2d 508 (Fla.5th DCA 1981), which held that a charge of sexual battery under Section 794.011(2) must be by indictment because the charged offense is a capital felony. There, the state attempted to proceed by information because, as the state contended, the offense was a "normal" sexual battery and that imposition of the death penalty could not be sustained, relying upon Purdy v. State, 343 So.2d 4 (Fla. 1977). But, significantly, Milliken was a pre-Buford case, and capital punishment was still a possible penalty in childrape cases. Understandably, therefore, the Fifth District held that the prosecution must be by indictment. See also Howard v. State, 385 So.2d 739 (Fla. 3rd DCA 1980).
Appellant also relies upon Nova v. State, 439 So.2d 255 (Fla.3rd DCA 1983). Nova involved a prosecution for first degree murder. Prior to commencement of the trial, the state and defense entered into a stipulation whereby the state "would waive the death penalty making it punishable by 20 years, if convicted" and, in consideration thereof, "the defense would waive a 12-man jury" and proceed to trial with six jurors. Nova was tried and convicted of first degree murder by a six-member jury. The court imposed a life sentence with the requirement that he serve at least 25 years before being considered for parole. The Third District reversed the trial court's denial of Nova's Rule 3.850 motion. Appellant points to the holding in Nova:
"[S]o long as a twelve-person jury is fixed by law to try a person accused of a capital crime, the right to a jury of that number is constitutional and an invasion of that right a denial of due process."
439 So.2d at 262. However, as with Milliken, Nova is materially distinguishable from the case at bar because, by reason of the Buford decision, death was never a possible penalty for appellant Cooper.
The Fourth District has held in Hogan v. State, 427 So.2d 202 (Fla. 4th DCA 1983), that the defendant who, as here, was tried on a charge of child sexual battery under Section 794.011(2), was not entitled to a 12-member jury. Hogan also held that sexual battery under that section, became a "life felony" after Buford and that the mandatory penalty of life imprisonment with no parole eligibility for the first 25 years, as provided under Section 775.082(1), was not applicable. We are not called upon to decide the appropriate post-Buford penalty under Section 794.011(2) inasmuch as the defendant in the instant case, as we have noted, was convicted of the lesser offense of aggravated assault. However, we note that our sister court in Rusaw v. State, 429 So.2d 1378 (Fla. 2nd DCA 1983), although agreeing with Hogan's conclusion that a 12-member jury was no longer required, disagreed with Hogan as to the appropriate penalty and held that one convicted under Section 794.011(2) must be sentenced to life imprisonment with no eligibility for parole for the first 25 years pursuant to Section 775.082(1), citing Buford, supra, 403 So.2d at 954. See also Duke v. State, 444 So.2d 492 (Fla. 2nd DCA 1984). The Third District agrees with Rusaw with respect to the appropriate sentence under Section 794.011(2). State v. Jimenez, 445 So.2d 204 (Fla. 3rd DCA 1983); State v. Mendoza, 444 So.2d 570 (Fla. 3rd DCA 1984).
There being no error in the state's reliance upon an information as the appropriate charging document and in the use of a *69 6-member jury, the judgment is AFFIRMED.
We certify the following as a question of great public importance pursuant to Fla.R. App.P. 9.030(a)(2)(A)(v):
IN A PROSECUTION FOR SEXUAL BATTERY UNDER SECTION 794.011(2) WHERE DEATH IS NOT A POSSIBLE PENALTY BECAUSE OF THE HOLDING IN BUFORD V. STATE, 403 So.2d 943 (FLA. 1981): (1) MAY THE STATE PROCEED BY INFORMATION INSTEAD OF INDICTMENT, AND (2) IS THE DEFENDANT ENTITLED TO A 12-MEMBER JURY?
SMITH and WIGGINTON, JJ., concur.
NOTES
[1] No issue has been raised as to whether aggravated assault under Section 784.021(1)(b) is a lesser included offense under the crime charged in the information. We note that such lesser offense was submitted to the jury at the defendant's request.