ERVIN, Chief Judge.
LeDuc, a person over the age of 18, was convicted of two counts of sexual battery upon persons under the age of eleven in violation of Section 794.011(2), Florida Statutes (1981), and one count of lewd and lascivious, indecent assault upon a child. For the two sexual battery convictions, he received sentences of life imprisonment, including a minimum mandatory 25 years before becoming eligible for parole, pursuant to Section 775.082(1), Florida Statutes (1981),[1] as to each count. Appellant raises two issues on appeal: (1) Whether the trial court erroneously denied LeDuc a twelve-' person jury since sexual battery is designated as a capital offense by section 794.-011(2),[2] and (2) whether the trial court erred in imposing the two 25-year minimum mandatory sentences in that death is no longer a permissible penalty for violation of section 794.011(2). We affirm as to both issues.
Our recent decision in Cooper v. State, 453 So.2d 67 (Fla. 1st DCA, 1984), is dispositive of the first point. Cooper holds that the procedural requirement of a twelve-person jury in all “capital cases”[3] is *34 not applicable once the capital feature of the crime, the possibility of the penalty of death, has been eliminated. As the crime of sexual battery under section 794.011(2), for which LeDuc was on trial, is no longer punishable by death, Buford v. State, 403 So.2d 943 (Fla.1981), the trial court properly denied LeDuc a twelve-person jury since sexual battery is no longer a “capital” offense for which a jury so composed would be required.
We find the reasoning set forth in Rusaw v. State, 429 So.2d 1378 (Fla. 2d DCA 1983), to be persuasive as to the second issue, and hold that the penalty under section 775.082(1) of life imprisonment, with a 25-year mandatory minimum prescribed by section 794.011(2), remains applicable for the crime of sexual battery regardless of the elimination of the death penalty for that crime. See Buford v. State; Donaldson v. Sack, 265 So.2d 499 (Fla.1972); Duke v. State, 444 So.2d 492 (Fla. 2d DCA 1984); State v. Jimenez, 443 So.2d 204 (Fla. 3d DCA 1983); State v. Mendoza, 444 So.2d 570 (Fla. 3d DCA 1984). But see, Hogan v. State, 427 So.2d 202 (Fla. 4th DCA 1983).
Accordingly, the judgment of the trial court is AFFIRMED.
We certify, however, to the Supreme Court of Florida the following as questions of great public importance, pursuant to Fla.R.App.P. 9.030(a)(2)(A)(v):
I: IN A PROSECUTION FOR SEXUAL BATTERY UNDER SECTION 794.-011(2), WHERE DEATH IS NOT A POSSIBLE PENALTY BECAUSE OF THE HOLDING IN BUFORD V. STATE, 403 So.2d 943 (Fla.1981), IS THE DEFENDANT ENTITLED TO A 12-MEMBER JURY?
II: MUST A DEFENDANT CONVICTED OF SEXUAL BATTERY IN VIOLATION OF SECTION 794.011(2), BE SENTENCED TO LIFE IMPRISONMENT WITH THE REQUIREMENT THAT HE SERVE NO LESS THAN 25 YEARS BEFORE BECOMING ELIGIBLE FOR PAROLE, AS PROVIDED IN SECTION 775.082(1)?
LARRY G. SMITH and NIMMONS, JJ., concur.

. Section 775.082(1), Fla.Stat. provides: 775.082 Penalties.—
(1) A person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole unless the proceeding held to determine sentence according to the procedure set forth in s. 921.141 results in findings by the court that such person shall be punished by death, and in the latter event such person shall be punished by death.

. Section 794.011(2) provides:
(2) A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person 11 years of age or younger in an attempt to commit sexual battery upon said person commits a capital felony punishable as provided in ss. 775.082 and 921.141. If the offender is under the age of 18, that person shall be guilty of a life felony, punishable as provided in s. 775.082, s. 775.-083, or s. 775.084.