452 So.2d 82 (1984)
Paul Timothy WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. AT-430.
District Court of Appeal of Florida, First District.
May 23, 1984.
On Motion to Modify Opinion June 15, 1984.
*83 Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Andrew Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Washington, a person over the age of eighteen, was convicted of one count of sexual battery upon a person of the age eleven or younger contrary to Section 794.011, Florida Statutes (1981), and two counts of attempted lewd assault upon persons under the age of fourteen contrary to Section 800.04, Florida Statutes (1981). For the sexual battery conviction, he received sentence of life imprisonment, with a minimum mandatory twenty-five years before becoming eligible for parole. Washington raises four issues for review: (1) Whether the trial court erroneously denied Washington's request for disclosure of police reports; (2) Whether individual, sequestered voir dire should have been allowed; (3) Whether the trial court erred in allowing videotaped testimony by the victim eleven years of age or younger; and (4) Whether the trial court erred in imposing a life sentence with a minimum mandatory twenty-five years before becoming eligible for parole. We affirm on all issues.
There was no abuse of discretion by the trial judge in sealing the police reports which contained no exculpatory evidence and no information which would be helpful to the defense. The reports do not fit the criteria required by Florida Rules of Criminal Procedure 3.220(a)(1)(ii) to make them discoverable.
Washington's request for sequestered voir dire is addressed to the discretion of the trial court. Stone v. State, 378 So.2d 765, 768 (Fla. 1979). There was no abuse of discretion in this proceeding.
We do not accept Washington's argument that expert testimony must establish the necessity of videotaping testimony of a victim under the age of eleven. Section 918.17, Florida Statutes, gives the trial judge discretion to allow videotaping of a sexual battery victim eleven years of age or under when "[t]here is a substantial likelihood that such child will suffer severe emotional or mental strain if required to testify in open court." Here there is evidence that the victim was under a severe emotional strain, reacting physically and emotionally when informed of having to testify in court. It was within the trial judge's permissible discretion to have his testimony videotaped and presented.
The penalty under Section 775.082(1), Florida Statutes (1981), of life imprisonment with a minimum mandatory twenty-five years before becoming eligible for parole is the applicable sentence for the crime of sexual battery under Section 794.011(2). Leduc v. State, 448 So.2d 32, (Fla. 1st DCA, 1984).
Accordingly, the judgment and sentence of the trial court is affirmed, but in accord with Leduc v. State, supra, we certify to the Supreme Court the following question:
MUST A DEFENDANT CONVICTED OF SEXUAL BATTERY IN VIOLATION OF SECTION 794.011(2), BE SENTENCED TO LIFE IMPRISONMENT WITH THE REQUIREMENT THAT HE SERVE NO LESS THAN 25 YEARS BEFORE BECOMING ELIGIBLE FOR PAROLE, *84 AS PROVIDED IN SECTION 775.082(1)?
BOOTH, SHIVERS and JOANOS, JJ., concur.

ON MOTION TO MODIFY OPINION
JOANOS, Judge.
State of Florida's motion to modify our previous opinion is granted. In light of the recent decision in Rusaw v. State, 451 So.2d 469, [9 FLW 195] (Fla. 1984), our prior opinion is modified by deleting our certification to the Supreme Court of the question set forth in the last paragraph of the opinion. In all other respects our previous opinion remains unchanged.
BOOTH and SHIVERS, JJ., concur.