495 So.2d 893 (1986)
Frederick A.R. HEURING, Appellant,
v.
STATE of Florida, Appellee.
No. BH-20.
District Court of Appeal of Florida, First District.
October 13, 1986.
*894 Larry D. Simpson of Davis, Judkins & Simpson, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
BARFIELD, Judge.
Frederick A.R. Heuring appeals from convictions and sentences for sexual battery of his stepdaughter. Although we find no reversible error, we feel obliged to comment on two issues raised by appellant.
The State offered the testimony of appellant's adult daughter that she had been sexually battered by appellant when she was between the ages of seven and fifteen, approximately twenty years before the current offenses. Appellant's counsel objected on the basis that the testimony was too remote and contends on appeal that there is nothing unique about appellant's use of familial authority to forcibly commit sexual battery on young female family members. We disagree and hold that the trial judge did not abuse his discretion in admitting the evidence.
Remoteness may relate to passage of time or to present relationship with an issue. If mere passage of time were determinative of remoteness, we would hesitate to consider twenty-year-old incidents relevant. In determining whether evidence is too remote to be relevant, and therefore admissible, the court must consider not the passage of time alone, but the effect of the passage of time on the evidence. Remoteness in terms of the passage of time precludes the use of evidence that has become unverifiable through loss of memory, unavailability of witnesses and the like. It may also suggest that the absence of similar conduct for an extensive period of time indicates that such conduct is no longer characteristic of the accused. But it is not the propensity towards such conduct that is relevant. It is the manner of perpetrating the crime which is relevant.
In this case, the type of crime committed can occur only generationally. The appellant twice had the opportunity to sexually batter young females under his familial authority and did so in like manner on each occasion. The daughter's memory of the incident and its details lost nothing through the passage of time. Appellant took the position that he never sexually battered any child, not that he couldn't remember.
Appellant asserts that the trial court reversibly erred in denying his motion to dismiss the information and for a twelve person jury on the basis that he was charged with a capital offense. The question of entitlement to a twelve member jury has been resolved against appellant's position in State v. Hogan, 451 So.2d 844 (Fla. 1984). The analysis used in Hogan would appear to apply equally to the question of charging the offense of sexual battery under section 794.011(2), Florida Statutes (1977-1983), by information as opposed to indictment. This court has previously decided the issue adversely to appellant in Cooper v. State, 453 So.2d 67 (Fla. 1st DCA 1984). As in Cooper, we again certify to the Supreme Court the following question:
IN A PROSECUTION FOR SEXUAL BATTERY UNDER SECTION 794.011(2), FLORIDA STATUTES (1977-1983), WHERE DEATH IS NOT A POSSIBLE PENALTY BECAUSE OF THE HOLDING IN BUFORD V. STATE, 403 So.2d 943 (Fla. 1981), MAY THE STATE PROCEED BY INFORMATION INSTEAD OF INDICTMENT?
WENTWORTH, J., concurs.
SMITH, J., specially concurs with written opinion.
SMITH, Judge, specially concurring.
I concur in the result reached by the majority, based upon the "pattern of criminality" category of relevancy explicated perhaps most notably in this court's opinion in Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980), pet. for rev. den., 392 So.2d 1373 (1981). See also, Ehrhardt, Florida Evidence, § 404.17, and cases therein cited. I confess, however, that the twenty-year *895 time span separating the collateral sexual offense from the offense on trial here, and the involvement of only one other victim besides the present one, appears to stretch the "pattern" component of the doctrine to its outer limits. I think we are treading dangerously near if not overstepping the ill-defined dividing line between "propensity" and "pattern of criminality," (see Ehrhardt, § 404.17) and may be sidestepping the proscription of section 90.403, Florida Evidence Code, under which relevant evidence is inadmissible if its probative value is outweighed by the danger of unfair prejudice, etc. I concur with the result here only in the face of strong precedent, e.g., Nathey v. State, 275 So.2d 589 (Fla. 1st DCA 1973) (facts stated in dissenting opinion), cert. den., 279 So.2d 881 (Fla. 1973), and Potts v. State, 427 So.2d 822 (Fla. 2nd DCA 1983), and cases therein cited.
I fail to see the connection, however, between the majority's observation concerning the "generational" nature of this type of crime, i.e., sexual battery of a young female under familial control, and the issue at hand, namely, relevancy. While there is necessarily a generational component in father-daughter sexual offenses, it does not follow that there is an inherent generational separation between offenses against different victims  i.e., as here, father-daughter and father-step-daughter  since the family often consists of natural children as well as stepchildren of the same general age group, and the "opportunity" emphasized by the majority therefore presents itself in many instances on a continuing basis over a period of time. When there is proof that offenses occurred under the latter mentioned circumstances, it is much more likely that a "pattern of criminality" has indeed been shown. On the other hand, I find nothing so unique in the fact that appellant's alleged sexual battery on his own daughter was a generation removed from the present victim as to derive from that fact some independent basis for admissibility. The remoteness of the prior occurrence, therefore, remains for me a serious consideration, although I have resolved the issue in favor of admissibility, as above indicated.