## STATE OF FLORIDA v KLAVER, etc.

### Case No. 8101484CFAWS

Sixth Judicial Circuit, Pasco County

September 10, 1987

**APPEARANCES OF COUNSEL**

**Robert M. Focht,** Office of the State Attorney, for plaintiff.

**James Edward Klaver,** pro se.

### OPINION OF THE COURT

W. LOWELL BRAY, JR., Circuit Judge.

*ORDER GRANTING MOTION FOR POST CONVICTION RELIEF*

The defendant, JAMES EDWARD KLAVER, a/k/a CHARLES

LEWIS KLAVER, having filed, prior to January 1, 1987, his *pro se* Motion for Post Conviction Relief, and James T. Russell, State Attorney for the Sixth Judicial Circuit, having filed his response, and the Court having entered its Order Denying in Part and Granting in Part Evidentiary Hearing on Motion for Post Conviction Relief, this matter came on for evidentiary hearing on June 16, 1987, and August 19, 1987, on the allegations of ineffective assistance of counsel.

The defendant's motion raises issues of ineffective assistance of counsel which the Court shall consider under three headings:

1. Pre-trial

a) failure to file a Motion to Suppress the defendant's statement to Detective Sides;

b) failure to file a Motion for Change of Venue.

2. At Trial

a) allowing improper impeachment of the defendant;

b) failing to effectively impeach State's witness, Michael Davidson due to a conflict of interest.

3. At Sentencing

a) failing to object to error in the pre-sentence investigation;

b) failing to object three consecutive twenty year sentences arising from one episode; and

c) failure to object to the retention of jurisdiction over the sentence without a sufficient statement of reasons.

For the purposes of this Order, the Court finds the following facts are established:

The defendant, JAMES EDWARD KLAVER, a/k/a CHARLES LEWIS KLAVER, was charged by information with three counts of Involuntary Sexual Battery. The three counts involved three different sexual acts with the same alleged victim occurring during one continuous episode. The defendant admitted the sexual activity, but claimed as his defense that it was consensual.

The defendant was found to be indigent and a special public defender was appointed to represent him. This followed attempts by the Public Defender's Office to represent the defendant and attempts by the defendant to represent himself.

Appointed counsel was advised by the defendant that he had no adult record but had been placed on probation, as a juvenile, for a robbery charge. Defendant also gave counsel the telephone number of

60

the Michigan attorney who had represented him as a juvenile. Appointed counsel contacted Donald L. Meyers, the Michigan attorney, who advised him that the defendant did not sustain a criminal conviction on the armed robbery count but was placed in a youthful offender program and that the case was later nolle prossed.

Prior to trial, counsel had some contact with the state witness, Michael Davidson, which the defendant testified included helping Davidson to secure bond. Counsel deposed Davidson while he was incarcerated, and counsel knew or should have known that Davidson had felony convictions both inside and outside the State of Florida and was being held on three violations of probation and two new felony charges.

The case was tried to a jury on March 25, 1982. At trial, counsel raised for the first time the question of whether certain statements made by the defendant to Detective Sides should be suppressed. The judge allowed a proffer of the evidence and found it admissible. Counsel cross-examined the State witness, Michael Davidson, but failed to impeach him as to the five pending felonies on which he was awaiting sentencing and, with respect to his prior convictions, only engaged in the following exchange:

"Q. Have you ever been convicted of a crime?

A. No, sir.

[Defense Counsel]: If you would bear with me a moment, Your Honor." (Trial transcript—Page 61)

At the conclusion of the State's case, counsel moved for a directed acquittal on the ground that the State had failed to prove that all three sexual acts happened within the venue of the court. The State argued vigorously and, evidently, persuasively that acquittal should not be granted because this was all a single transaction, starting and ending in Pasco County, for which the defendant could only be sentenced on one count even if convicted on all three.

Defendant and counsel discussed the defendant's proposed testimony at trial and counsel instructed the defendant that if he were asked if he had prior convictions, he should respond "once, as a juvenile". The defendant did take the stand and during cross examination the following exchanges ensued:

"Q. How many times have you been convicted of a crime, Mr. Klaver?

A. When I was a kid.

Q. How many times?

61

A. Once." (Trial transcript—Page 382)

and

"Q. You didn't threaten anybody on April 25, 1972, when you pled guilty—

[Defense Counsel]: I'm sorry, he is referring to a former conviction.

[State Attorney]: [Defense Counsel] asked him if he ever threatened anyone and this man pled guilty." (Trial transcript—Page 387)

and

"Q. You never pled guilty to armed robbery on 4/25 of '72; that is April 25 of 1972 in Taylor, Michigan?

A. No, I did not. I pled guilty to the Homes Youth Trainee Act.

Q. You were never given two years' probation?

A. As the Home Youth Trainee Act." (Trial transcript—Page 388)

Counsel made no further objection, did not ask for a curative instruction, did not move for a mistrial, and made no effort to rehabilitate the defendant on this point. In closing argument, the State relied on this testimony of a prior criminal conviction to attack the defendant's credibility.

At the conclusion of the trial, the defendant was convicted of three counts of Involuntary Sexual Battery.

On April 19, 1982, counsel appeared before the trial judge on a motion to withdraw stating as grounds therefore that the defendant had requested he withdraw. The Court granted the motion to be effective only after the sentencing.

On May 16, 1982, at a time when defendant was at large, counsel's office burned under suspicious circumstances. Counsel became convinced that defendant was responsible for the fire. After the defendant was rearrested, counsel told him his belief that the defendant had burned his building.

On April 23, 1982, counsel filed a motion to withdraw and attached to it a *pro se* Motion to Dismiss Counsel in which the defendant said that counsel had advised him that he believed defendant was responsible for the fire, that counsel would see to it that defendant got 30 years when sentenced, and that representing defendant at sentencing would be a conflict of interest. This motion was heard on the day of sentencing and, according to counsel and the clerk's minutes, denied.

On August 30, 1987, the defendant was sentenced. Defendant verbally asked prior to sentence being imposed to dismiss his attorney.

62

The request was denied. During a recess of the sentencing hearing, counsel again told defendant he believed him to be responsible for the fire. At the sentencing, counsel did nothing to represent the client. Specifically, counsel failed to speak in mitigation, failed to challenge the pre-sentence investigation which indicated a prior conviction for the robbery which occurred while the defendant was a juvenile, failed to object when the court sentenced the defendant to three consecutive twenty year sentences, and failed to object to the judge's retaining jurisdiction for one-third of the sentence.

Counsel testified, under oath, before this Court on August 19, 1987, that at the time of the sentencing he was operating under the belief that defendant burned his office and that he said nothing at the sentencing for two reasons. First, he felt he had a conflict and couldn't represent the defendant. Second, the sentencing judge told him it didn't matter what he said because the judge's mind was made up.

In Florida, the law with respect to a defendant's Sixth Amendment right to effective assistance of counsel, is primarily controlled by three cases - *Knight v. State*, 394 So.2d 997 (Fla. 1981), *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), and *Clark v. State*, 460 So.2d 886 (Fla. 1984). To be entitled to relief on a claim of ineffective assistance, the defendant must clear the following four hurdles:

1. An appropriate pleading (Rule 3.850 Motion) must detail the specific omission or overt act on which the claim is made.

2. The defendant has the burden to show that the specific omission or overt act was a deficiency in performance below that of competent counsel judged by reasonableness under prevailing professional norms at the time of counsel's conduct.

3. The defendant has the burden to show that there is a reasonable probability that but for the specific deficiency, the result of the proceeding would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, at 694.

4. Even if the defendant is able to establish a constitutional violation, the State may rebut by showing beyond a reasonable doubt that there was no prejudice in fact.

With respect to representation at sentencing, it is almost pointless to try to apply the rules set out above. The defendant was, in reality, unrepresented at sentencing, notwithstanding the fact that a member of the bar stood at his side. The Court is aware that the consecutive

**63**

sentences might have been upheld on appeal [see *Duke v. State*, 444 So.2d 492 (2d DCA 1984)] and that the retention of jurisdiction might also have withstood attack. However, counsel's failure to plead the defendant's cause, preserve appeal issues, attack the pre-sentence investigation, suggest an appropriate sentence, or in any way assist his client, combined with counsel's conviction that he could not represent the defendant and that any effort made would be futile, clearly demonstrates that the defendant was denied his constitutional right to effective assistance of counsel at sentencing.

With respect to pre-trial representation, the defendant failed to demonstrate ineffective assistance of counsel. Failure to file a motion for change of venue has not been demonstrated to be a deficiency in performance or a failure which was reasonably probable to affect the result. Failing to move to suppress testimony prior to trial may well have been a substantial deficiency; however, the issues were raised, somewhat belatedly, and ruled upon, and there is no showing that any other result would likely have resulted from a more timely motion.

With respect to representation at trial, the Court notes that this case was one which turned almost entirely on the credibility of the witnesses and particularly the credibility of the defendant. The State was able, without any meaningful objection by counsel and without a motion for mistrial, to lead the jury to believe, and to argue to the jury in closing, that

a) the defendant had been convicted of a crime;

b) the defendant had pled guilty to armed robbery;

c) the defendant had been placed on probation.

The first of these is untrue and all three were inadmissible, even if true. The question "How many times have you been convicted of a crime?" is clearly improper and objectionable, and the fact that the record being referred to is a juvenile record makes it doubly so. This problem is compounded when counsel says, before the jury, that the assistant state attorney is referring to "a prior conviction". There can be no tactical reason or acceptable excuse for such failures. This performance is clearly below that of competent counsel in 1982, and the probability that the result would have been different but for the deficiency is more than sufficient to undermine confidence in the outcome. *Lyons v. McCotter2rf, 770 F.2d 529 (5th Cir. 1985), Nero v. Blackburn*, 597 F.2d 991 (5th Cir. 1979), *Wright v. State*, 446 So.2d 208 (Fla. 3d DCA 1984)

Failure to pursue more actively the line of questioning regarding the

64

witness Michael Davidson's prior record and current situation with respect to his pending sentencing was below the performance of competent counsel. Defendant buttresses this with his unrebutted testimony that counsel had previously represented the witness who had told him about his felony record; however, the Court finds that the quality and quantity of evidence of conflict is not adequate. Nor does the evidence sustain a finding that this particular failure in reasonable probability effected the outcome of the trial.

The State has failed to demonstrate beyond a reasonable doubt that the failures with respect to the trial and the sentencing did not result in any prejudice in fact.

The Motion for Post Conviction Relief is, therefore, granted, the judgment is set aside, the sentence herein vacated, and a new trial is granted.

DONE AND ORDERED in Chambers, at New Port Richey, Pasco County, Florida, this 10th day of September, 1987.