HARRIS, Judge,
concurring specially.
Gregory Ferguson asserts in his brief that, “the gist of Appellant’s claim/issue on Ground Three rested on trial counsel’s ineffective assistance of counsel for failing to advise Appellant as to his right to have the jury instructed on all lesser included offenses of the crime of Capital Sexual Battery; and the trial court’s failure to determine if or if not Appellant’s concurrence with the trial counsel’s waiver of lesser included offenses was made knowing and intelligent.” Thus, Ferguson raises two separate arguments on this point. He claims that he was not properly advised that he was entitled to lesser included charges and he claims that he did not personally, knowingly and intelligently waive the right to have the jury instructed on the lesser offenses.
His first argument is easily answered. Whether his attorney advised him of the right to a lesser included instruction may not be clear from the record; but the fact that the trial judge so advised in his presence is apparent from the record.
*931 The Court: Yes. If, looking at the schedule, the alternatives would be attempt, battery, assault, aggravated assault [sic], aggravated battery ...
[Defense Counsel]: Your Honor, I would at this point ask for an attempted sexual battery.
Therefore, the record shows that defendant was put on notice that he was entitled to lesser included instructions and heard his counsel ask only for a charge on attempted sexual battery.
On his second point, I do not believe that in this case the current law requires that the judge ascertain whether the defendant personally joins in counsel’s decision as to which lesser included charges to request. It is true that in Harris v. State, 438 So.2d 787, 797 (Fla.1983), Cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984), the supreme court held:
This procedural right to have instructions of necessarily included lesser offenses given to the jury does not mean, however, that a defendant may not waive his right just as he may expressly waive his right to a jury trial. [Citations omitted.] But, for an effective waiver, there must he more than just a request from counsel that these instructions not be given. We conclude that there must be an express waiver of the right to these instructions by the defendant, and the- record must reflect that it was knowingly and intelligently made. (Emphasis theirs.)
This general statement of the law was considerably limited by the supreme court in Janes v. State, 484 So.2d 577, 579-80 (Fla. 1986), in which the court said:
The Harris holding was, in part, based on the United States Supreme Court’s decision of Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). In Beck, the Court struck down as violative of due process an Alabama statute prohibiting a judge in a capital case from instructing the jury on lesser included offenses. Citing the “significant constitutional differences between the death penalty and lesser punishments,” 447 U.S. at 637,100 S.Ct. at 2389, the Court reasoned that the failure to give the jury the “third option” — of convicting on an appropriate lesser included offense, as opposed to either conviction or acquittal, impermissibly enhanced the risk of an unwarranted conviction.
* * * * * *
We find, no personal waiver is required in order to guarantee fundamental fairness in the non-capital context. Further, we find the facts of this case poor ones on which to carve out an exception to the general principle that a client is bound by the acts of his attorney performed within the scope of the latter’s authority. (Citation omitted.)
Recognizing that the role of the defense counsel necessarily involves a number of tactical decisions and procedural determinations inevitably impacting on a defendant’s constitutional rights, we find that no useful purpose would here be served by requiring the court to ensure that, in this instance, counsel’s conduct truly represented the informed and voluntary decision of the client. (Citation omitted.)
The next question is whether a “capital” sexual battery is a capital case in which the Harris rule requiring the client’s informed and voluntary consent applies. I think not. In Ulloa v. State, 486 So.2d 1373, 1375 (Fla. 3d DCA 1986), the court, in footnote four discussed this issue:
The cases involving crimes labeled “capital” but not punishable by death are in two categories. In cases where death as a punishment was unavailable at the time the defendant was charged [as opposed to cases in which the death penalty could have been imposed but was not], the courts have held that procedural requirements accorded capital crime defendants are not applicable. See Cooper v. State, 453 So.2d 67 (Fla. 1st DCA 1984) (no indictment required where defendant accused of sexual battery of child eleven years or under since crime not punishable by death at time of charge); Hogan v. State, 427 So.2d 202 (Fla. 4th DCA (1983)), approved, 451 So.2d 844 (Fla.1984) (defendant charged with sexual battery of a child eleven years or under not entitled to twelve-member jury).
*932 I believe that the charge in this case, capital in title only, is controlled by Jones and that Ferguson should be bound by the decision of his attorney and is not entitled to have the trial court inquire as to whether he voluntarily and intelligently joins in counsel’s decision.