# Third District Court of Appeal

## State of Florida

Opinion filed May 28, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0430
Lower Tribunal No. F13-14217

_____


**Selvin Vasquez-Gomez,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Laura Anne Stuzin, Judge.

Selvin Vazquez-Gomez, in proper person.

James Uthmeier, Attorney General, for appellee.


Before EMAS, LINDSEY and LOBREE, JJ.

PER CURIAM.

Selvin Vasquez-Gomez appeals the trial court's order summarily

denying his untimely, successive postconviction motion as procedurally barred, contending that he was precluded from raising his claims in prior motions as they relied upon a 2023 change in the law. However, Vasquez-Gomez is not entitled to relief from his procedural default as the 2023 amendment to section 794.011(2)(a), Florida Statutes, does not apply retroactively to crimes committed before October 1, 2023. See Ch. 2023-25, § 1, Laws of Fla. (eff. Oct. 1, 2023); Bartels v. State, No. 4D2024-0728, 2025 WL 1318637, at *2 (Fla. 4th DCA May 7, 2025). Prior to this inapplicable legislative change, it is clear that Vasquez-Gomez's claims did not warrant relief. See State v. Hogan, 451 So. 2d 844 (Fla. 1984) (holding that sexual battery on victim less than twelve years old is not capital offense for purposes of determining whether twelve-person jury is required); Snowden v. Donner, 464 So. 2d 223 (Fla. 3d DCA 1985) (indictment not necessary in "capital crime" where death penalty is not possible); Cooper v. State, 453 So. 2d 67 (Fla. 1st DCA 1984) (information appropriate charging document and six-person jury proper in sexual battery case where death is not possible penalty); In re Amendment to Fla. Rules of Criminal Procedure-Rule 3.112 Minimum Standards for Attorneys in Capital Cases, 759 So. 2d 610, 614 (Fla. 1999) (minimum standards for attorneys in capital cases in Florida Rule of Criminal Procedure 3.112 only apply to capital cases in which State is

2

seeking imposition of death penalty, and do not need to be applied in cases where State has formally renounced any intention to seek that penalty).

Affirmed.