HENDRY, Chief Judge.
The defendants were tried and convicted of larceny of an automobile. Defendant, ' Lewis, was sentenced to serve five years and defendant, Famiglietti, to serve one year in the state penitentiary. In this consolidated appeal, the defendants appeal from these judgments and assign as error the insufficiency of the evidence to support the ■verdict and judgment.
The evidence shows that the defendants were apprehended by police officers in a ■ building identified as Allbritton Garage. •When the officers drove up to the garage, at approximately 9:40 P.M. on October 31, 1964, the lights therein were on but as they arrived the lights when off. An officer testified that he looked through a window in the garage and with the aid of a flashlight spotted a person, later identified as Lewis, walking through the garage area. The officer yelled, “Police, Stop” but Lewis continued through a door out of the garage area. Lewis was apprehended under a bed in a room adjoining the garage area, and Famiglietti was found under a car in the garage. The officer who testified was unable to state under which of the two cars in the garage he was found. It was subsequently ascertained that one of these cars had been stolen on the same night between the hours of 8:00 P.M. and 10:00 P.M.
As shown above, the evidence upon which the convictions are based is entirely circumstantial. However, exclusive possession of stolen property by a defendant soon after a theft is sufficient, when standing alone, to place upon the accused the burden of an explanation, and if he fails to do so, to warrant the jury in convicting him of larceny.[1]
The defendants in this action offered no evidence and elected not to testify in their own behalf. Thus, if the State has maintained its burden of showing no more than prima facie evidence of guilt it will be sufficient to sustain the verdict of the jury. We are unable to conclude from the evidence on the record that the State has maintained this burden.
The evidence does reveal that an automobile was stolen and soon thereafter it was located in a garage at the same time that the defendants were apprehended while apparently attempting to escape detection. The evidence does not sufficiently show that these defendants had exclusive possession of the stolen property. The State did not attempt to prove who owned the garage in which the automobile was located nor if the defendants were there without the owner’s permission which would preclude all other possibilities. The officer who apprehended Famiglietti under one of the automobiles was unable to testify and, therefore, the closest the State was able to place the defendants was in the near proximity of the stolen automobile under suspicious circumstances.
We are convinced that the interest of justice would best be served by the granting of a new trial. Accordingly, the judgment appealed from is reversed and the cause remanded for a new trial.
Reversed and remanded.

. Harrison v. State, Fla.App.1958, 104 So.2d 391; Tilly v. State, 21 Fla. 242 (1885).