PER CURIAM.
The appellants were informed against, tried before a jury and convicted of grand larceny and of breaking and entering with intent to commit grand larceny. Following denial of a motion for new trial, they appealed.
Appellants (who will be referred to as defendants) contend the trial court committed error by admitting the testimony of an officer to an inculpatory statement made to him by one of the defendants, and claim prejudicial error because of their representation at trial by one attorney, a public defender.
In the City of Jacksonville at approximately 3:00 a. 1 m. on a certain date, a city police officer stopped an automobile which he observed moving from the rear of Kay’s Magnavox Home Entertainment Store. A ■ security guard who was in the vicinity came up to lend assistance. The defendants were the occupants of the vehicle. Richard Frazier, who was the *387 driver, produced a driver’s license. Roosevelt did not have any identification document. Visible in the car was a large carton, which one of the defendants stated was empty, but which the police officer found to be heavy. Roosevelt fled on foot. Richard fled in the automobile. The vehicle with the carton was recovered later. The carton was found to contain a color television set which was shown by its serial number to have been taken from said store. The defendants were apprehended, and were identified by the officers.
At the trial, out of the presence of the jury, the state proffered testimony of an officer to the effect that Roosevelt Frazier, after being warned or informed of his rights, had stated he saw Richard Frazier take the television set from the building and put it in the car, and then go back to the building and return with a tool box and a bolt cutter. Over an objection of the attorney for the defendants, that testimony by the officer was admitted in evidence. Each of the defendants took the stand and testified in his own behalf. Roosevelt Frazier denied making the above mentioned statement to the officer. The defendants and their brother and sister testified they were elsewhere at the time in question, for the purpose of establishing an alibi.
In the circumstances of this case we hold that the admission of such testimony of the officer did not constitute reversible error. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, relied on by defendants is distinguishable and not applicable here because both defendants took the stand and testified. Moreover, the defendant whose reported inculpatory statement implicated the other, testified in favor of the other defendant, by denying he made the statement and by claiming alibi. Nelson v. O’Neill, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222.
Representation of the two defendants at trial by one attorney did not constitute reversible error in this case. There was no motion for severance. Neither defendant made objection to the single representation, and prejudice warranting or requiring reversal was not shown to have resulted therefrom. State v. Youngblood, 217 So.2d 98 (Fla.1968). The argument that absence of separate counsel was prejudicial because of the inculpatory statement is without merit. No such prejudice resulted to Roosevelt Frazier because it was he to whom the (admissible) statement was attributed. Although the statement implicated the other defendant Richard Frazier, the error, if any therein, was harmless error.
Under the harmless error statute (§ 59.-041, Fla.Stat., F.S.A.) the judgment in this case should not be reversed because of the admission of said statement “unless in the opinion of the court to which application is made, after any examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice.”
With the alibi evidence rejected by the jury, as was within its province to do, the proof of guilt of the defendants was clear if not overwhelming, aside from the evidence represented by the inculpatory statement repeated by the officer. In addition to the direct evidence bearing on guilt there was the circumstance that the defendants were found in unexplained possession of recently stolen property. See Wethington v. State, 159 Fla. 670, 32 So.2d 458 (1947); Solomon v. State, 145 So.2d 492 (Fla.App.1962); Lewis v. State, 181 So.2d 357 (Fla.App.1965).
No reversible error having been shown, the judgments are affirmed.
RAWLS, C. J., WIGGINTON, J., and CARROLL, CHARLES A-, Associate Judge, concur.