FERGUSON, Judge.
The State appeals from an order granting the defendant a new trial. The defendant cross appeals from an order denying his motion for judgment of acquittal.
Defendant Enriquez and codefendant David Cabreniza were charged with first-degree murder, armed burglary, and armed robbery. When arrested the codefendant made an inculpatory statement admitting that both men had committed the burglary and robbery but claiming that the defendant alone had killed the victim. The defendant filed a pretrial motion to sever his trial, claiming that the codefendant’s statements would not be admissible against him, and that if the statements were admitted he would be denied a fair trial. The motion was denied, and the case against both men proceeded to trial.
Before the court would allow the code-fendant’s confession to be read to the jury, the defendant’s name was deleted, and “the other man” was substituted. With instructions by the court to the jury that it should not consider the confession against the defendant, the codefendant’s confession was published. After the confession was read, the defendant renewed his motion for severance. The defendant also moved for judgment of acquittal at the end of the State’s case. Both motions were denied.
The codefendant took the witness stand and denied having made the confession. He testified that the police had physically abused him and forced him to sign the document. Counsel for the defendant did not cross-examine the codefendant. The jury found both men guilty of all charges.
The defendant filed a motion for new trial, again arguing that the introduction of the codefendant’s statement in their joint trial deprived him of a fair trial. The court granted the motion. We reverse.
The defendant was not entitled to a new trial. The landmark case which decided under what circumstances a codefendant’s confession may be admitted against another codefendant in their joint trial is Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). In Bruton, the Supreme Court held that where a code-fendant did not testify, the introduction of his confession added substantial weight to *384 the government’s case in a form not subject to cross-examination and that this encroachment on the defendant’s constitutional right to cross-examination as secured by the Confrontation Clause could not be avoided by a jury instruction to disregard the confession as to the defendant. Bruton, 391 U.S. at 134-35, 88 S.Ct. at 1627-28, 20 L.Ed.2d at 484-86. Critical to the Court’s decision in Bruton was the fact that the codefendant was not available for cross-examination regarding his statement.
In a subsequent case, the Supreme Court expressly refused to extend Bruton to a situation where a codefendant took the stand in his own defense and denied making the alleged out-of-court statement. Nelson v. O'Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971).
In Nelson v. O’Neil a police officer testified, at a joint trial, that after the arrest of the two suspects the codefendant made a statement admitting the crimes and implicating the defendant. The trial judge ruled that the officer’s testimony was admissible against the codefendant but instructed the jury that they could not consider it against the defendant. On direct examination the codefendant denied having made the statement, and the defendant chose not to cross-examine the codefendant. The jury convicted both defendants. A federal district court set aside the conviction on the basis of Bruton. The court of appeals affirmed. The Supreme Court reversed. It was held that a defendant’s constitutional rights are not violated where the codefendant takes the stand, denies the offense, and is available for cross-examination by the defendant. Nelson v. O’Neil, 402 U.S. at 629-30, 91 S.Ct. at 1727, 29 L.Ed.2d at 228. See also Johnson v. State, 355 So.2d 143 (Fla. 3d DCA 1978) (fact that statement of code-fendant inculpated defendant did not require severance where codefendant testified and was available for cross-examination); Frazier v. State, 287 So.2d 386 (Fla. 1st DCA 1973) (codefendant’s inculpatory statement did not require severance where both accuseds testified and codefendant denied making prejudicial statement).
The codefendant took the stand in this case and was available for cross-examination. The argument made here by the defendant is essentially that expressed by the dissenting justices in Nelson v. O’Neil —that different rules of evidence will be applied to different defendants depending solely upon the fortuity of whether they are jointly or separately tried. Although the Florida Supreme Court has never addressed the significant question, this court, in Johnson v. State, did distinguish Bruton on the samé ground as did the United States Supreme Court in O’Neil. We, as a panel of the court, may not reconsider the point. The grant of a new trial on Bruton grounds was error.
The issues raised by the defendant on cross appeal as grounds for a judgment of acquittal are without merit.
Reversed and remanded with instruction to reinstate the jury verdict.