548 So.2d 244 (1989)
Roosevelt JONES, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 87-559, 87-2913.
District Court of Appeal of Florida, Third District.
March 28, 1989.
Bennett H. Brummer, Public Defender and Harvey J. Sepler, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Nancy C. Wear and Michael Neimand, Asst. Attys. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
On this appeal from the denial of his motion to vacate under Fla.R.Crim.P. 3.850, see Dumas v. State, 439 So.2d 246 (Fla. 3d DCA 1983), pet. for review denied, 462 So.2d 1105 (Fla. 1985); Nova v. State, 439 So.2d 255 (Fla. 3d DCA 1983), pet. for review denied, 472 So.2d 1181 (Fla. 1985), we set aside Jones's first degree murder conviction, and order a new trial on the ground, as held in Rodriguez-Acosta v. State, 548 So.2d 248 (Fla. 3d DCA 1989) and Griffith v. State, 548 So.2d 244 (Fla. 3d DCA 1989), that his purported waiver of a twelve-person jury effected only by his counsel after the state waived the death penalty,[1] was legally insufficient.
Reversed for a new trial.[2]
NOTES
[1] The "waiver" is reflected in the record only by the following colloquy prior to jury selection:

MR. SOHN: [Defense counsel] It's my understanding the State is waiving the death penalty. We have agreed to a jury of six. MR. NORRIS: [Prosecutor] That's correct, Judge.
[2] As indicated in Griffith at note 2, the order setting this case for en banc hearing is discharged and the following question is certified to the supreme court as one of great public importance:

Whether a twelve-person jury is required in a first degree murder case in which the prosecution waives the death penalty?