548 So.2d 248 (1989)
Gabriel RODRIGUEZ-ACOSTA, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-1462.
District Court of Appeal of Florida, Third District.
March 28, 1989.
Bennett H. Brummer, Public Defender and Sharon B. Jacobs, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Richard L. Polin, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and FERGUSON, JJ.
PER CURIAM.
A six-member jury found the appellant guilty of first degree murder and possession of a firearm during the commission of a felony. Appellant contends that, because *249 his right to a twelve-member jury was waived without his valid or voluntary consent or ratification, it was fundamental error. We agree.
A person can be convicted of a capital crime by a jury of fewer than twelve, but only where there is a valid defense waiver of the right to a twelve-member jury. State v. Garcia, 229 So.2d 236 (Fla. 1969). In the instant case, the record is uncontrovertably clear that no valid waiver was made. Sessums v. State, 404 So.2d 1074 (Fla. 3d DCA 1981). The public defender agreed to waive Gabriel Rodriguez-Acosta's constitutional right to a twelve-person jury while he was not present in the courtroom. At no time did the trial court question appellant to ascertain whether he knowingly and voluntarily waived his right or ratified his counsel's waiver. Nor does the record contain a signed waiver by Rodriguez-Acosta. Thus, defense counsel's waiver of the appellant's right to a twelve-member jury constitutes fundamental error which requires reversal of his conviction. Nova v. State, 439 So.2d 255 (Fla. 3d DCA 1983). The trial by a six-member panel violated appellant's constitutional right to trial by twelve persons and therefore is a denial of his due process rights. Cotton v. State, 85 Fla. 197, 95 So. 668 (1923). Gabriel Rodriguez-Acosta's convictions are therefore reversed and the cause is remanded to the trial court for a new trial.[1]
Reversed and remanded with directions.
NOTES
[1] As indicated in Griffith v. State, 548 So.2d 244, n. 2 (Fla 3d DCA 1989), the order setting this case for en banc hearing is discharged and the following question is certified to the supreme court as one of great public importance:

Whether a twelve-person jury is required in a first degree murder case in which the prosecution waives the death penalty?