PER CURIAM.
This is an appeal by the defendant Jose Ramon Enriquez from final judgments of conviction and sentences for first-degree murder, armed robbery, and armed burglary entered upon an adverse jury verdict rendered by a six-person jury. We have previously reversed an order granting the defendant a new trial in this case. State v. Enriquez, 503 So.2d 383 (Fla. 3d DCA 1987).
Because the defendant was tried below by a six-person jury and did not personally waive his right to be tried by a twelve-person jury, we reverse the defendant’s first-degree murder conviction and remand the cause to the trial court with directions to conduct a new trial on this charge alone; the fact that the state did not seek the death penalty in this case cannot change this result. Poole v. State, 550 So.2d 1144 (Fla. 3d DCA 1989); Joseph v. State, 550 So.2d 1134 (Fla. 3d DCA 1989); Mustelier v. State, 550 So.2d 1124 (Fla. 3d DCA 1989); Rodriguez-Acosta v. State, 548 So.2d 248 (Fla. 3d DCA 1989); Griffith v. State, 548 So.2d 244 (Fla. 3d DCA 1989); Jones v. State, 548 So.2d 244 (Fla. 3d DCA 1989). We affirm, however, the armed robbery and armed burglary convictions because the defendant raises no point on appeal concerning these convictions.
At the request of the state, we certify the following question as one of great public importance so as to allow for further review of this decision by the Florida Supreme Court pursuant to Article V, Section 3(b)(4), of the Florida Constitution.
Whether a twelve-person jury is required in a first-degree murder case in which the prosecution waives the death penalty.
Affirmed in part; reversed in part.