561 So.2d 531 (1990)
STATE of Florida, Petitioner,
v.
Gabriel RODRIGUEZ-ACOSTA, Respondent.
No. 73997.
Supreme Court of Florida.
March 29, 1990.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., Miami, for petitioner.
Bennett H. Brummer, Public Defender, Eleventh Judicial Circuit, and Sharon Jacobs Brown, Sp. Asst. Public Defender of Sharon Jacobs Brown, P.A., Miami, for respondent.
McDONALD, Justice.
We review Rodriguez-Acosta v. State, 548 So.2d 248, 249 n. 1 (Fla. 3d DCA 1989), *532 in which the district court certified the following question as one of great public importance:
Whether a twelve-person jury is required in a first degree murder case in which the prosecution waives the death penalty?
Id. at 249, n. 1. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. In State v. Griffith, 561 So.2d 528 (Fla. 1990), we answered the certified question with a qualified affirmative and held that, regardless of whether the state seeks the death penalty, a twelve-person jury is required in first-degree murder trials unless waived by the defense. In this case defense counsel's agreement to trial by a six-person jury in exchange for the state's waiver of the death penalty constituted an effective and valid waiver of Rodriguez-Acosta's statutory right to trial by a twelve-person jury.[*]Griffith. We therefore quash the district court's decision.
It is so ordered.
EHRLICH, C.J., and SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON, J., concurs in result only.
NOTES
[*] The following exchange took place on the record.

MR. McDONALD: [Defense Counsel]: For the record, I have discussed the matter with my client. He is willing to go with the six-person jury.
[THE COURT]: Okay. State?
MR. BERK: [Prosecutor]: No problem, Judge. We will waive our right to have a twelve-person jury.