OVERTON, Justice.
The state of Florida petitions this Court to review Enriquez v. State, 561 So.2d 1189 (Fla. 3d DCA 1989), in which the Third District Court of Appeal reversed Enri-quez’s first-degree murder conviction because he “was tried below by a six-person jury and did not personally waive his right to be tried by a twelve-person jury.” Id. at 1190. The district court certified the following question as one of great public importance:
Whether a twelve-person jury is required in a first-degree murder case in which the prosecution waives the death penalty.
Id. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. In State v. Griffith, 561 So.2d 528 (Fla.1990), we answered that certified question in the affirmative and held that, regardless of whether the state seeks the death penalty, a twelve-person jury is required in first-degree murder trials unless waived by the defense. However, we refused to reverse Griffith’s conviction and found that his personal waiver of his statutory right to trial by a twelve-person jury was not necessary and that his counsel’s waiver was sufficient.
In this case, the following exchange took place at a pretrial hearing on July 3, 1985:
MR. HOULIHAN: Judge, Mr. DiGre-gory told me, just to let the record know, that his office waived the death penalty against my client.
THE COURT: All right. What you have indicated you would like the court to waive? The state can’t by itself waive it.
MR. DiGREGORY: We do not wish to proceed as a death penalty case against either defendant.
THE COURT: All right.
MR. DiGREGORY: And if the court would like a proffer—
THE COURT: The court is satisfied as to Mr. Enriquez that the death penalty would not be appropriate. The court will waive that as to Mr. Enriquez.
During jury selection on November 5, 1985, this exchange took place:-
THE COURT: Am I correct that there has been a stipulation that this would be a six member jury?
MR. HOULIHAN: Yes.
MR. DiGREGORY: That is correct.
It is clear that the state, at the pretrial hearing, decided not to seek the death penalty and that defense counsel and the prosecutor stipulated that the case would be *516 tried before a six-person jury. This stipulation was announced at the trial. We find that, under the principles set forth in Griffith, this was a valid waiver of Enriquez’s right to trial before a twelve-person jury, absent a showing by Enriquez that the stipulation was not valid. Accordingly, we quash that portion of the district court’s decision reversing Enriquez’s first-degree murder conviction.
It is so ordered.
SHAW, C.J., and McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.