451 So.2d 469 (1984)
Chris RUSAW, Petitioner,
v.
STATE of Florida, Respondent.
No. 63628.
Supreme Court of Florida.
May 24, 1984.
*470 Jerry Hill, Public Defender and L.S. Alperstein, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Jim Smith, Atty. Gen. and Robert J. Krauss, Asst. Atty. Gen., Tampa, for respondent.
McDONALD, Justice.
The Second District Court of Appeal has certified its opinion in Rusaw v. State, 429 So.2d 1378 (Fla. 2d DCA 1983), as being in direct conflict with Hogan v. State, 427 So.2d 202 (Fla. 4th DCA 1983). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and we approve Rusaw.
A jury convicted Rusaw of sexual battery upon a person eleven years of age or younger by a person eighteen or older, and the trial court sentenced him to life imprisonment with no possibility of parole for twenty-five years. § 794.011(2), Fla. Stat. (1981); § 775.082(1), Fla. Stat. (1981). On appeal Rusaw argued that he could be sentenced for no more than a life felony because the crime he committed is no longer subject to the death penalty and is, therefore, no longer a capital crime. The district court affirmed the twenty-five-year minimum mandatory sentence.
In Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982), we held that a death sentence for committing the crime proscribed by subsection 794.011(2) is so grossly disproportionate and excessive as to be constitutionally prohibited. We then reduced one of Buford's death sentences to life imprisonment with no possibility of parole for twenty-five years, finding that to be an "automatic sentence" under subsection 775.082(1). Id. at 954. This Court has long held that a capital crime is one in which the death sentence is possible. Donaldson v. Sack, 265 So.2d 499 (Fla. 1972); Adams v. State, 56 Fla. 1, 48 So. 219 (1908).
We find, however, that the district court resolved the instant problem properly. As this Court held in Donaldson,
elimination of the death penalty from the statute does not of course destroy the entire statute. We have steadfastly ruled that the remaining consistent portions of statutes shall be held constitutional if there is any reasonable basis for doing so.
265 So.2d at 502. In subsection 794.011(2) the legislature has denominated certain conduct to be a "capital" crime and has provided alternative penalties for that crime. Buford's striking of one of those penalties has not disturbed the other. See § 775.082(2), Fla. Stat. (1981).
We agree with the district court's conclusion that the legislature intended that the penalties set out in subsection 775.082(1) be fully applied to the extent that they are constitutionally permissible. Death is no longer permissible for the sexual battery described in subsection 794.011(2), but life imprisonment with a twenty-five-year minimum mandatory is. Rusaw's argument that his crime should be reduced automatically to a life felony ignores the legislature's obvious intent.
It is well settled that the legislature has the power to define crimes and to set punishments. The legislature, by setting sexual battery of a child apart from other sexual batteries, has obviously found that crime to be of special concern. Just because death is no longer a possible punishment for the crime described in subsection 794.011(2) does not mean that the alternative penalty suffers from any defect. We *471 therefore approve the district court's decision.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.