451 So.2d 844 (1984)
STATE of Florida, Petitioner,
v.
Ronald HOGAN, Respondent.
No. 63515.
Supreme Court of Florida.
June 7, 1984.
Rehearing Denied July 19, 1984.
Jim Smith, Atty. Gen. and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for petitioner.
Channing E. Brackey, Fort Lauderdale, for respondent.
McDONALD, Justice.
We have for review Hogan v. State, 427 So.2d 202 (Fla. 4th DCA 1983), because of *845 conflict with Rusaw v. State, 429 So.2d 1378 (Fla. 2d DCA 1983). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
A two-count indictment charged Hogan with kidnapping and with violating subsection 794.011(2), Florida Statutes (1981), sexual battery of a person under eleven years of age by a person over eighteen years of age. The legislature has provided that such a crime is a capital offense, the penalty for which is death or a life sentence without eligibility for parole for twenty-five years. The jury convicted Hogan of kidnapping and attempted sexual battery. Subsection 777.04(4)(a), Florida Statutes (1981), states that a person convicted of an attempted capital offense shall be guilty of a first-degree felony. The trial court sentenced Hogan to thirty years' imprisonment pursuant to subsection 775.082(3)(b), Florida Statutes (1981). On appeal the district court ordered resentencing because,
[s]ince sexual battery is a life felony, rather than a capital felony, the crime of attempted sexual battery carries a maximum sentence of fifteen years. Sections 777.04(4)(b) and 775.082(3)(c), Florida Statutes (1981).
427 So.2d at 203. In reaching that conclusion the district court reasoned that, because this Court in Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982), ruled that death cannot be imposed for sexual battery of a child, the instant crime is no longer a capital crime.
In Rusaw v. State, 451 So.2d 469 (Fla. 1984), we held that the penalty for the crime proscribed by subsection 794.011(2) is still a life sentence without eligibility for parole for twenty-five years, notwithstanding the inapplicability of the death penalty to that crime[*] The degree of the crime is what the legislature says it is, and, just because a portion of a crime designated "capital" cannot be carried out, the degree is not lessened, at least not for the purposes of setting penalties for "attempt" crimes. The trial court, therefore, properly sentenced Hogan to thirty years' imprisonment. We quash that portion of Hogan to the contrary and direct the district court to affirm Hogan's original sentence.
Although we recognize that in doing so we present a chameleon-like appearance, we approve the district court's holding that Hogan could be tried by a jury of six rather than twelve persons. Section 910.13, Florida Statutes (1981), and Rule of Criminal Procedure 3.170 state that twelve persons shall constitute a jury to try all capital cases and that six persons shall constitute a jury to try all other cases. For the purposes of defining "capital" under that statute and rule we hold that a capital case is one where death is a possible penalty. This holding is consistent with Donaldson v. Sack, 265 So.2d 499 (Fla. 1972), in which we wrestled with the correct procedure and forum to be employed in prosecuting first-degree murder cases after the death penalty had been invalidated by the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). We held that Furman abolished capital offenses as previously imposed in Florida because the traditional definition of a capital case is one where the punishment is death.
Sexual battery of a child, therefore, while still defined as a "capital" crime by the legislature, is not capital in the sense that a defendant might be put to death. Because the death penalty is no longer possible for crimes charged under subsection 794.011(2), a twelve-person jury is not required when a person is tried under that *846 statute. Our construction of the statute and rule is in accordance with what we believe the legislature intended when it passed the statute, as did we when we enunciated the rule.
We approve the part of Hogan that validates the six-person jury, quash the part that reduces Hogan's sentence, and remand for affirmation of his original sentence.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
NOTES
[*] The existence of § 775.082(2), Fla. Stat. (1981), bolsters this conclusion.

(2) In the event the death penalty in a capital felony is held to be unconstitutional by the Florida Supreme Court or the United States Supreme Court, the court having jurisdiction over a person previously sentenced to death for a capital felony shall cause such person to be brought before the court, and the court shall sentence such person to life imprisonment as provided in subsection (1).