LEHAN, Judge.
The state appeals from the trial court’s order granting defendant’s motion to dismiss the information which charged defendant with sexual battery of a child, a violation of section 794.011(2), Florida Statutes (1983). The trial court reasoned that sexual battery of a child is labeled by the legislature as a capital offense and, since article I, section 15(a) of the Florida Constitution provides that no person shall be tried for a capital crime without indictment by a grand jury, defendant could not be properly charged by information. The state contends on appeal that sexual battery of a child pursuant to section 794.011(2), Florida Statutes (1983), need not be charged by indictment in light of two recent Florida Supreme Court decisions.
In Buford v. State, 403 So.2d 943 (Fla.1981), the supreme court held that sexual battery of a child is no longer punishable by death. Subsequently, in State v. Hogan, 451 So.2d 844 (Fla.1984), the supreme court held that a twelve-person jury is not required for a crime labeled “capital” by the legislature but for which the death penalty cannot be imposed. A person *292 charged with sexual battery of a child can therefore be tried by a six-person jury.
We agree with the state’s contention and reverse. We hold that inasmuch as the crime of sexual battery of a child is no longer a capital crime in the sense that conviction thereof is punishable by death, a person may be charged with commission of that crime by information. We believe that our holding is a logical extension of the holding in Hogan which, we recognize, had not been decided at the time of the trial court’s order which is appealed from here.
The rationale of Hogan may be perceived to be that if conviction of that felony is not serious enough to be punishable by death, it is not serious enough to be classified as a capital felony within the meaning and intent of the statute calling for a twelve-person jury in capital felony cases. Consistent with that rationale, we believe that since conviction of that felony is not serious enough to be punishable by death, it is not serious enough to be classified as a capital felony within the meaning and intent of the foregoing constitutional provision calling for indictment by grand jury in a capital felony case.
The supreme court in Hogan stated the belief that its holding was consistent with the legislative intent behind the statute providing for twelve-person juries. We believe our holding in the case at hand is consistent with the intent behind the foregoing constitutional provision and section 794.011(2) labeling the crime as “capital.”
Both Hogan and the case at hand involve, in a broad sense, what type of jury is required with regard to the crime of sexual battery of a child. Both involve the number of persons who must make decisions with reference to that crime. Hogan concerns the number of persons to decide guilt or innocence. The case at hand involves the number of persons to decide whether or not to charge that crime. We cannot say that the decision to charge the crime is more important, and therefore subject to more elaborate requirements, than the decision on guilt or innocence and that, therefore, the Hogan rationale is not applicable.
To the contrary. We conclude that a rational and sensible interpretation of Hogan and the foregoing constitutional and statutory provisions calls for the result which we reach here. See Wakulla County v. Davis, 395 So.2d 540, 543 (Fla.1981).
Milliken v. State, 398 So.2d 508 (Fla. 5th DCA 1981), which reversed a failure to dismiss an information like that involved here, was decided prior to Hogan and is therefore no longer apposite.
Reversed and remanded for proceedings consistent herewith.
RYDER, C.J., and SANDERLIN, JAMES B., Associate Judge, concur.