SCHWARTZ, Chief Judge.
As we did in Rodriguez v. Cowart, 458 So.2d 284 (Fla. 3d DCA 1984) (Table), we adopt the holding of Cooper v. State, 453 So.2d 67 (Fla. 1st DCA 1984) that since, under Buford v. State, 403 So.2d 943 (Fla.1981), cert. denied, 454 U.S. 1164, 102 S.Ct. 1039, 71 L.Ed.2d 320 (1982), the death penalty may not be imposed for a violation of the statute which proscribes sexual battery upon a child of twelve or under, Sec. 794.-011(2), Fla.Stat. (1983), the offense is not a “capital crime” so as to require a grand jury indictment pursuant to Article I, Section 15(a) of the Florida Constitution. (“No person shall be tried for capital crime without presentment or indictment by a grand jury.”). See State v. Hogan, 451 So.2d 844, 845 (Fla.1984) (twelve person jury requirements for capital crimes not applicable to Sec. 794.011(2) because “[f]or the purposes of defining ‘capital’ under that statute and rule we hold that a capital case is one where death is a possible penalty.”); Rusaw v. State, 451 So.2d 469, 470 (Fla.1984) (“This Court has long held that a capital crime is one in which the death sentence is possible. Donaldson v. Sack, 265 So.2d 499 (Fla.1972); Adams v. State, 56 Fla. 1, 48 So. 219 (1908).”). Accordingly, the petition for writ of prohibition challenging the state’s right to proceed against the petitioner by information is
Denied.