483 So.2d 740 (1986)
Oscar Kay CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-562.
District Court of Appeal of Florida, Fifth District.
January 16, 1986.
Question Certified on Denial of Rehearing March 6, 1986.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant appeals from his conviction on four counts of attempted sexual battery and one count of committing a lewd and lascivious act in the presence of a child, and from his sentences imposed as a result. *741 We affirm the convictions, but vacate the sentences and remand for resentencing.
There is no merit to appellant's contention that the original charges of sexual battery upon a person 11 years of age or younger by a person over the age of 18 should have been presented by indictment rather than by information. Although section 794.011(2), Florida Statutes (1983) classifies this crime as a "capital felony," it is not capital in the sense that a defendant might be put to death. Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982). Because the death penalty is no longer possible for crimes charged under section 794.011(2), a twelve person jury is not required when a defendant is tried under that statute. State v. Hogan, 451 So.2d 844 (Fla. 1984). Inasmuch as the crime is no longer "capital" in the sense that the death penalty may be imposed or that a twelve person jury would be required to try the case, we conclude, as have other district courts of appeal, that the defendant may be charged with this crime by information, rather than by indictment. See State v. Wells, 466 So.2d 291 (Fla. 2d DCA 1985); Snowden v. Donner, 464 So.2d 223 (Fla. 3d DCA), rev. dismissed, 469 So.2d 750 (Fla. 1985); Cooper v. State, 453 So.2d 67 (Fla. 1st DCA 1984). Because Milliken v. State, 398 So.2d 508 (Fla. 5th DCA 1981) was decided before Buford outlawed the death penalty for this crime, it is no longer apposite.
Neither do we find merit in appellant's argument that the court should have applied the sentencing guidelines in effect at the time the crimes were committed. The trial court correctly applied the guidelines in effect at the time of sentencing, because modification of the guidelines is procedural. State v. Jackson, 478 So.2d 1054 (Fla. 1985).
We do agree, however, with appellant's contention that the trial court erred in imposing four consecutive 12 year terms of imprisonment for the four attempted sexual battery convictions. The trial court justified these sentences because it considered each offense as "independent transactions," but such reasoning does not square with the sentencing guidelines requirements. All the charges were before the court for sentencing at the same time. This court has previously held that a single scoresheet must be used for all offenses pending before the court for sentencing. Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985); Fla.R.Crim.P. 3.701(d)(1). While a separate sentence must be imposed for each offense, the total sentence cannot exceed the total guidelines sentence (in this case, 9-12 years' imprisonment) unless a written reason for departure is given. The trial judge did not state that he was departing from the guidelines.
Accordingly, the sentences are vacated and the cause is remanded for resentencing in accordance with the sentencing guidelines unless a clear and convincing reason for departure is stated in writing. Fla.R. Crim.P. 3.701(d)(11).
Convictions AFFIRMED. Sentences VACATED and REMANDED for resentencing.
DAUKSCH and COWART, JJ., concur.

ON PETITION FOR REHEARING
ORFINGER, Judge.
The petition for rehearing is denied. However, as did the court in Wilkerson v. State, 480 So.2d 213 (Fla. 1st DCA, 1985), we certify to the Supreme Court of Florida, the following question as one of great public importance:
WHETHER ALL SENTENCING GUIDELINES AMENDMENTS ARE TO BE CONSIDERED PROCEDURAL IN NATURE SO THAT GUIDELINES AS MOST RECENTLY AMENDED SHALL BE APPLIED AT TIME OF SENTENCING WITHOUT REGARD TO THE EX POST FACTO DOCTRINE.
PETITION DENIED. QUESTION CERTIFIED.
DAUKSCH and COWART, JJ., concur.