BARFIELD, Judge.
The state appeals an order dismissing three separate informations charging ap-pellee with committing sexual batteries on children under the age of 11. In ordering the dismissal, the trial court concluded that the statute of limitations had run as to each alleged battery. We disagree with the trial court’s conclusion and reverse.
The crimes were charged under section 794.011(2), Florida Statutes (Supp.1974 and 1975)[1] which provides that a “person 18 years or older who commits a sexual battery upon ... a person 11 years of age or younger ... commits a capital felony, punishable as provided in ss. 775.082 and 921.-141.” Under section 775.082(1), a person convicted of a capital felony shall be punished by life imprisonment with a minimum mandatory 25 years unless a proceeding was held under section 921.141 as to whether such person shall be punished by death. The statutory time limitation on prosecution in effect until July 1, 1975 (the first month of the period of the alleged offenses) was section 932.465, Florida Statutes (1973) which provided that:
(1) A prosecution for an offense punishable by death may be commenced at any time.
(2) Prosecution for offenses not punishable by death must be commenced within two years after commission....
Effective July 1, 1975, the time limitations were amended to section 775.15, Florida Statutes (1975) to provide:
(1) A prosecution for a capital felony may be commenced at any time.
(2) Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:
(a) A prosecution for a life felony or a felony in the first degree must be commenced within four years after it is committed.
(b) A prosecution for any other felony must be commenced within three years after it is committed.
Following the alleged crimes, the death penalty for sexual assault on a person age 11 or younger was held to be an unconstitutional violation of the Eighth Amendment. Buford v. State, 403 So.2d 943 (Fla. 1981), cert. den., 454 U.S. 1164, 102 S.Ct. 1039, 71 L.Ed.2d 320 (1982). The death penalty for rape itself was declared unconstitutional in Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977).
The trial court took the view that since sexual battery on a child under the age of 11 was no longer a “capital felony” due to the fact that the death penalty was no longer an available punishment at the time appellee was charged, then the unlimited limitations period for capital felonies would no longer apply to these crimes. Instead, the statute of limitations for non-capital felonies would apply. Thus, in the trial court’s view, prosecution had to be commenced within two years if the offense occurred prior to July 1, 1975 (under section 932.465, Florida Statutes (1973)) and within four years of the date of the offense if it occurred on or after July 1, 1975 (under section 775.15, Florida Statutes (1975)).
In State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla.1974), the supreme court addressed the issue of the application of the statute of limitations to crimes that were called “capital crimes” before the death penalty was struck down. The defendants had committed murders before the death penalty was declared unconstitutional in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). One defendant was arrested after Furman was issued and before the Florida legislature reinstated the death penalty. The second defendant, arrested before the death penal *671 ty was held unconstitutional, contended the two year statute of limitation should apply to the charges brought more than two years after the crimes. The supreme court held that the statute of limitations in effect at the time of the crime was controlling in determining whether the prosecutions were timely commenced. The court concluded that statutes of limitation are a substantive right and begin to run from the time of the alleged conduct. Both prosecutions were found not to be subject to a time bar against prosecution.
One must therefore determine the applicable limitations period from the perspective of the date the crime was committed and not from the perspective of the date the charges were brought. The holding in Manucy controls this case.
The situation presented in this case is distinguishable from that in Reino v. State, 352 So.2d 853 (Fla.1977) in which it was held the two-year statute of limitations controlled a murder committed during the period between the Furman decision and the Florida legislature’s reinstatement of the death penalty. In that case, death was not a possible penalty at the time of the murder. However, in the instant case, the death penalty was a possible, penalty at the time appellee allegedly committed the sexual assaults. The fact that death was subsequently held to be an impermissible penalty for these crimes does not affect the period of time in which the charges may be brought.
No statute of limitations controlled the prosecution of these crimes. The trial court therefore erred in dismissing the in-formations. The order of dismissal is REVERSED and the case REMANDED with directions that the charges be reinstated.
SHIVERS and NIMMONS, JJ., concur.

. Appellee was initially charged on April 16, 1986 with committing the three sexual batteries during the summer of 1975. Amended informa-tions were filed in August, 1986 alleging the crimes occurred between June 1, 1975, and June 1, 1976.