545 So.2d 1357 (1989)
Jesus PEREZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 72161.
Supreme Court of Florida.
June 29, 1989.
Robert N. Heath, Jr. of Harrell, Wiltshire, Swearingen, Wilson & Harrell, P.A., Pensacola, for petitioner.
Robert A. Butterworth, Atty. Gen., and Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for respondent.
EHRLICH, Chief Justice.
We have for review State v. Perez, 519 So.2d 669 (Fla. 1st DCA 1988), because of express and direct conflict with the decision of this Court in Reino v. State, 352 So.2d 853 (Fla. 1977). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the decision of the district court below.
In 1986, Perez was charged with three separate counts of sexual battery upon children eleven years of age or younger, which allegedly occurred between June 1, 1975 and June 1, 1976, in violation of section 794.011(2), Florida Statutes (Supp. 1974 and 1975). Perez filed motions to dismiss all three counts alleging that the crimes were no longer "capital" because the death penalty could not be imposed and, therefore, the statute of limitations had expired for the offenses charged. The trial court granted the motions to dismiss, determining that at all times material to the dates relied upon by the state, the law required that the prosecution be commenced within four years of the date of the occurrence if the offense occurred on or after July 1, 1975, and within two years if the offense occurred prior to July 1, 1975.[1]
The state appealed to the First District Court of Appeal, which reversed and remanded the case to the trial court. The district court held that the applicable limitations period must be determined from the perspective of the date the crime was committed and not from the perspective of the date the charges were brought. The district court then stated that at the time of the alleged offenses, death was a possible *1358 penalty and there was accordingly no applicable limitation period within which prosecution had to be commenced. Perez now seeks review of the decision of the district court below.
Perez argues that because death is no longer a possible penalty for the crime of sexual battery, pursuant to the decision of this Court in Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1164, 102 S.Ct. 1039, 71 L.Ed.2d 320 (1982), the offense is no longer "capital" for purposes of the statute of limitations. In support of his argument, Perez notes the following language in Heuring v. State, 513 So.2d 122, 123 (Fla. 1987):
A capital felony is one that is punishable by death. Rusaw v. State, 451 So.2d 469 (Fla. 1984). Sexual battery is not punishable by death. Buford. Further, we held in Rowe v. State, 417 So.2d 981 (Fla. 1982), that murder in the first-degree is the only existing capital felony in Florida.[[2]]
Perez also cites prior decisions of this Court holding that various other aspects of capital offenses are no longer applicable to the offense of "capital" sexual battery subsequent to the decision in Buford that death is no longer a possible penalty. See Heuring (sexual battery may be charged by information rather than by indictment); State v. Hogan, 451 So.2d 844 (Fla. 1984) (because death is no longer possible for crimes charged under subsection 794.011(2), Fla. Stat., a twelve-person jury is not required).
Finally, Perez relies upon Reino v. State, 352 So.2d 853, 858 (Fla. 1977), wherein this Court stated:
Hence, it is apparent that all incidents of capital crimes, substantive as well as procedural, become inapplicable upon abolition of the death penalty. It would be conceptually inconsistent to conclude that the procedural advantages inuring to a defendant in a capital case fall with abolition of the death penalty and then conclude that the substantive disadvantages (limitation on entitlement to bail and unlimited statute of limitations) remain viable.
He argues that the decision in Reino, when read in conjunction with the decision in Buford and its progeny, requires that we quash the decision of the district court below. We disagree.
While the foregoing language may appear to give support to Perez's position, the holding in Reino is narrow and is otherwise. The facts in Reino are that the homicide occurred on September 7, 1972, post Furman[3] but prior to the adoption of a new death penalty statute on October 1, 1972, sometimes referred to as the "hiatus" period. This Court held that the two-year statute of limitations was applicable during this period and was controlling because the homicide occurred during the hiatus period. Reino is not on point since the crimes charged herein occurred at a point in time when the death penalty was in effect.
The district court below correctly concluded that the limitations period in effect at the time of the incident giving rise to the criminal charges controls the time within which prosecution must be begun. See, e.g., Rubin v. State, 390 So.2d 322 (Fla. 1980); Manucy v. Wadsworth, 293 So.2d 345 (Fla. 1974). Accordingly, no statute of limitations controlled the prosecution of the crimes at issue because death was a possible penalty at the time of commission of the offenses. We approve the decision of the district court below. We recede from the quoted language from Reino to the extent that it is in conflict herewith.
It is so ordered.
McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
*1359 OVERTON, J., dissents with an opinion, in which BARKETT, J., concurs.
OVERTON, Justice, dissenting.
The majority opinion, which states that the statute of limitations for capital offenses applies to sexual battery offenses, which are no longer capital offenses, is contrary to our express holding in Reino v. State, 352 So.2d 853 (Fla. 1977), and our holdings in State v. Hogan, 451 So.2d 844 (Fla. 1984), and Heuring v. State, 513 So.2d 122 (Fla. 1987), which implemented Reino. In Reino, we stated:
The compelling tenor of Donaldson[*] is to the effect that all attributes of capital crimes, procedural or substantive, fall when and so long as the death penalty is abolished... . It would be conceptually inconsistent to conclude that the procedural advantages inuring to a defendant in a capital case fall with abolition of the death penalty and then conclude that the substantive disadvantages (limitations on entitlement to bail and unlimited statute of limitations) remain viable.
352 So.2d at 857-58 (citations omitted; emphasis added).
In Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982), we followed the principles enunciated by the United States Supreme Court in Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), holding that, when no life is taken, "a sentence of death is grossly disproportionate and excessive punishment for the crime of sexual assault and is therefore forbidden by the Eighth Amendment as cruel and unusual punishment." 403 So.2d at 951. In State v. Hogan, 451 So.2d 844 (Fla. 1984), we held that a six-man jury is appropriate in a trial for sexual battery since sexual battery is no longer a capital offense, requiring a twelve-man jury. More recently, in Heuring v. State, 513 So.2d 122 (Fla. 1987), we held that a charge by information rather than by indictment is appropriate in a sexual battery case because sexual battery is no longer a capital offense.
The statute of limitations for life felony offenses has undergone various changes since 1973. In 1973, section 932.465, Florida Statutes (1973), provided:
932.465 Limitation of prosecutions. 
(1) A prosecution for an offense punishable by death may be commenced at any time.
(2) Prosecution for offenses not punishable by death must be commenced within two years after commission... .

(Emphasis added.) Subsequently, the statute was renumbered to section 775.15. In 1975, section 775.15 provided:
775.15 Time limitations. 
(1) A prosecution for a capital felony may be commenced at any time.
(2) Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:
(a) A prosecution for a life felony or a felony of the first degree must be commenced within 4 years after it is committed.

... .
(Emphasis added.) In 1976, the legislature again amended section 775.15, providing:
775.15 Time limitations. 
(1) A prosecution for a capital or life felony may be commenced at any time. In the event the death penalty is held to be unconstitutional by the Florida Supreme Court or the United States Supreme Court, all crimes designated as capital felonies shall be considered life felonies for the purposes of this section, and prosecution for such crimes may be commenced at any time.
... .
(Emphasis added.) The latter amendment does not inure to the state's benefit in this case. This amendment became effective June 27, 1976, after the alleged commission of the charged offenses. The information filed in this case indicated that the offenses took place between June 1, 1975, and June 1, 1976. The applicable statute of limitations *1360 was two years for the first month and four years for the remainder of the period in which the offenses allegedly occurred.
It was not until almost five years after our decision in Buford that Perez was charged by information with three counts of sexual battery. The majority allows Perez to be charged by information and tried before a six-man jury as if this was a life felony, but still holds that the statute of limitations for a capital offense applies. In my view, this is illogical. There is no legal justification to overrule the basic principles adopted in Reino. Because the statute of limitations for life felony offenses at the time these offenses were committed never exceeded four years, I conclude that the state is barred from proceeding with these charges.
BARKETT, J., concurs.
NOTES
[1] Section 932.465, Florida Statutes (1973), provided:

(1) A prosecution for an offense punishable by death may be commenced at any time.
(2) Prosecution for offenses not punishable by death must be commenced within two years after commission... .
Effective July 1, 1975, the statute of limitations was designated as section 775.15, Florida Statutes (1975), and provided:
(1) A prosecution for a capital felony may be commenced at any time.
(2) ... [P]rosecutions for other offenses are subject to the following periods of limitation:
(a) A prosecution for a life felony or a felony of the first degree must be commenced within 4 years after it is committed... .
[2] We note, however, that we have recently recognized that "[n]otwithstanding our determination that the sexual battery proscribed by subsection 794.011(2) is no longer a capital crime, in Rusaw [Rusaw v. State, 451 So.2d 469 (Fla. 1984)] and Hogan [State v. Hogan, 451 So.2d 844 (Fla. 1984)] we recognized the legislature's definition of it as "capital" in determining legislative intent for other consequences of this crime." Batie v. State, 534 So.2d 694 (Fla. 1988).
[3] Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) (decision abolished the death penalty).
[*] Donaldson v. Sack, 265 So.2d 499 (Fla. 1972).