EHRLICH, Chief Justice.
We have for review State v. Perez, 519 So.2d 669 (Fla. 1st DCA 1988), because of express and direct conflict with the decision of this Court in Reino v. State, 352 So.2d 853 (Fla.1977). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the decision of the district court below.
In 1986, Perez was charged with three separate counts of sexual battery upon children eleven years of age or younger, which allegedly occurred between June 1, 1975 and June 1, 1976, in violation of section 794.011(2), Florida Statutes (Supp.1974 and 1975). Perez filed motions to dismiss all three counts alleging that the crimes were no longer “capital” because the death penalty could not be imposed and, therefore, the statute of limitations had expired for the offenses charged. The trial court granted the motions to dismiss, determining that at all times material to the dates relied upon by the state, the law required that the prosecution be commenced within four years of the date of the occurrence if the offense occurred on or after July 1, 1975, and within two years if the offense occurred prior to July 1, 1975.[1]
The state appealed to the First District Court of Appeal, which reversed and remanded the case to the trial court. The district court held that the applicable limitations period must be determined from the perspective of the date the crime was committed and not from the perspective of the date the charges were brought. The district court then stated that at the time of the alleged offenses, death was a possible *1358 penalty and there was accordingly no applicable limitation period within which prosecution had to be commenced. Perez now seeks review of the decision of the district court below.
Perez argues that because death is no longer a possible penalty for the crime of sexual battery, pursuant to the decision of this Court in Buford v. State, 403 So.2d 943 (Fla.1981), cert. denied, 454 U.S. 1164, 102 S.Ct. 1039, 71 L.Ed.2d 320 (1982), the offense is no longer “capital” for purposes of the statute of limitations. In support of his argument, Perez notes the following language in Heuring v. State, 513 So.2d 122, 123 (Fla.1987):
A capital felony is one that is punishable by death. Rusaw v. State, 451 So.2d 469 (Fla.1984). Sexual battery is not punishable by death. Buford. Further, we held in Rowe v. State, 417 So.2d 981 (Fla.1982), that murder in the first-degree is the only existing capital felony in Florida.[2]
Perez also cites prior decisions of this Court holding that various other aspects of capital offenses are no longer applicable to the offense of “capital” sexual battery subsequent to the decision in Buford that death is no longer a possible penalty. See Heuring (sexual battery may be charged by information rather than by indictment); State v. Hogan, 451 So.2d 844 (Fla.1984) (because death is no longer possible for crimes charged under subsection 794.-011(2), Fla.Stat., a twelve-person jury is not required).
Finally, Perez relies upon Reino v. State, 352 So.2d 853, 858 (Fla.1977), wherein this Court stated:
Hence, it is apparent that all incidents of capital crimes, substantive as well as procedural, become inapplicable upon abolition of the death penalty. It would be conceptually inconsistent to conclude that the procedural advantages inuring to a defendant in a capital case fall with abolition of the death penalty and then conclude that the substantive disadvantages (limitation on entitlement to bail and unlimited statute of limitations) remain viable.
He argues that the decision in Reino, when read in conjunction with the decision in Buford and its progeny, requires that we quash the decision of the district court below. We disagree.
While the foregoing language may appear to give support to Perez’s position, the holding in Reino is narrow and is otherwise. The facts in Reino are that the homicide occurred on September 7, 1972, post Furman[3] but prior to the adoption of a new death penalty statute on October 1, 1972, sometimes referred to as the “hiatus” period. This Court held that the two-year statute of limitations was applicable during this period and was controlling because the homicide occurred during the hiatus period. Reino is not on point since the crimes charged herein occurred at a point in time when the death penalty was in effect.
The district court below correctly concluded that the limitations period in effect at the time of the incident giving rise to the criminal charges controls the time within which prosecution must be begun. See, e.g., Rubin v. State, 390 So.2d 322 (Fla.1980); Manucy v. Wadsworth, 293 So.2d 345 (Fla.1974). Accordingly, no statute of limitations controlled the prosecution of the crimes at issue because death was a possible penalty at the time of commission of the offenses. We approve the decision of the district court below. We recede from the quoted language from Reino to the extent that it is in conflict herewith.
It is so ordered.
MCDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
*1359 OVERTON, J., dissents with an opinion, in which BARKETT, J., concurs.

. Section 932.465, Florida Statutes (1973), provided:
(1) A prosecution for an offense punishable by death may be commenced at any time.
(2) Prosecution for offenses not punishable by death must be commenced within two years after commission....
Effective July 1, 1975, the statute of limitations was designated as section 775.15, Florida Statutes (1975), and provided:
(1) A prosecution for a capital felony may be commenced at any time.
(2) ... [P]rosecutions for other offenses are subject to the following periods^of limitation:
(a) A prosecution for a life felony or a felony of the first degree must be commenced within 4 years after it is committed....

. We note, however, that we have recently recognized that "[n]otwithstanding our determination that the sexual battery proscribed by subsection 794.011(2) is no longer a capital crime, in Rusaw [Rusaw v. State, 451 So.2d 469 (Fla.1984) ] and Hogan [State v. Hogan, 451 So.2d 844 (Fla.1984) ] we recognized the legislature’s definition of it as “capital” in determining legislative intent for other consequences of this crime." Batie v. State, 534 So.2d 694 (Fla.1988).

. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) (decision abolished the death penalty).