OVERTON, Justice,
dissenting.
The majority opinion, which states that the statute of limitations for capital offenses applies to sexual battery offenses, which are no longer capital offenses, is contrary to our express holding in Reino v. State, 352 So.2d 853 (Fla.1977), and our holdings in State v. Hogan, 451 So.2d 844 (Fla.1984), and Heuring v. State, 513 So.2d 122 (Fla.1987), which implemented Reino. In Reino, we stated:
The compelling tenor of Donaldson * is to the effect that all attributes of capital crimes, procedural or substantive, fall when and so long as the death penalty is abolished_ It would be conceptually inconsistent to conclude that the procedural advantages inuring to a defendant in a capital case fall with abolition of the death penalty and then conclude that the substantive disadvantages (limitations on entitlement to bail and unlimited statute of limitations) remain viable.
352 So.2d at 857-58 (citations omitted; emphasis added).
In Buford v. State, 403 So.2d 943 (Fla.1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982), we followed the principles enunciated by the United States Supreme Court in Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), holding that, when no life is taken, “a sentence of death is grossly disproportionate and excessive punishment for the crime of sexual assault and is therefore forbidden by the Eighth Amendment as cruel and unusual punishment.” 403 So.2d at 951. In State v. Hogan, 451 So.2d 844 (Fla.1984), we held that a six-man jury is appropriate in a trial for sexual battery since sexual battery is no longer a capital offense, requiring a twelve-man jury. More recently, in Heuring v. State, 513 So.2d 122 (Fla.1987), we held that a charge by information rather than by indictment is appropriate in a sexual battery case because sexual battery is no longer a capital offense.
The statute of limitations for life felony offenses has undergone various changes since 1973. In 1973, section 932.465, Florida Statutes (1973), provided:
932.465 Limitation of prosecutions.—
(1) A prosecution for an offense punishable by death may be commenced at any time.
(2) Prosecution for offenses not punishable by death must be commenced within two years after commission....
(Emphasis added.) Subsequently, the statute was renumbered to section 775.15. In 1975, section 775.15 provided:
775.15 Time limitations.—
(1) A prosecution for a capital felony may be commenced at any time.
(2) Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:
(a) A prosecution for a life felony or a felony of the first degree must be commenced within ⅛ years after it is committed.
(Emphasis added.) In 1976, the legislature again amended section 775.15, providing:
775.15 Time limitations.—
(1) A prosecution for a capital or life felony may be commenced at any time. In the event the death penalty is held to be unconstitutional by the Florida Supreme Court or the United States Supreme Court, all crimes designated as capital felonies shall be considered life felonies for the purposes of this section, and prosecution for such crimes may be commenced at any time.
(Emphasis added.) The latter amendment does not inure to the state’s benefit in this case. This amendment became effective June 27,1976, after the alleged commission of the charged offenses. The information filed in this case indicated that the offenses took place between June 1, 1975, and June 1, 1976. The applicable statute of limita *1360 tions was two years for the first month and four years for the remainder of the period in which the offenses allegedly occurred.
It was not until almost five years after our decision in Buford that Perez was charged by information with three counts of sexual battery. The majority allows Perez to be charged by information and tried before a six-man jury as if this was a life felony, but still holds that the statute of limitations for a capital offense applies. In my view, this is illogical. There is no legal justification to overrule the basic principles adopted in Reino. Because the statute of limitations for life felony offenses at the time these offenses were committed never exceeded four years, I conclude that the state is barred from proceeding with these charges.
BARKETT, J., concurs.

 Donaldson v. Sack, 265 So.2d 499 (Fla.1972).