561 So.2d 528 (1990)
STATE of Florida, Petitioner,
v.
Charles L. GRIFFITH, Respondent.
No. 73998.
Supreme Court of Florida.
March 29, 1990.
Rehearing Denied June 21, 1990.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., Miami, for petitioner.
Benedict P. Kuehne of Sonnett, Sale & Kuehne, P.A., Miami, for respondent.
McDONALD, Justice.
We have for review Griffith v. State, 548 So.2d 244, 246 n. 2 (Fla. 3d DCA 1989), in which the district court certified the following question as one of great public importance:
Whether a twelve-person jury is required in a first degree murder case in which the prosecution waives the death penalty?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question with a qualified affirmative.
Charles Griffith's three-year-old daughter suffered extensive brain damage when her head accidentally became caught in the footrest of a living room chair. For eight months she remained in a vegetative state, requiring continuous and intensive hospital care, although not on any artificial respiratory and circulatory support system. On June 28, 1985, Griffith shot his daughter twice in the chest as she lay in her hospital *529 bed because he "didn't want her to suffer anymore."
A grand jury indicted Griffith for first-degree murder. Before jury selection began, the state waived the death penalty in exchange for an agreement with Griffith's counsel that Griffith would waive a twelve-person jury and be tried instead before a six-person jury. After a trial where insanity was the main defense, the six-person jury convicted Griffith of first-degree murder. The trial judge sentenced him to life imprisonment without parole for twenty-five years.
The district court reversed and remanded for a new trial, holding that the state's waiver of the death penalty did not automatically permit trial by a six-person jury and that the waiver of trial by a twelve-person jury was ineffective because the record did not reflect that Griffith himself knowingly and intelligently waived that right. Although we agree with the district court that the state's decision not to seek the death penalty in a first-degree murder case does not automatically permit trial by a six-person jury, we do not agree that a record showing of the defendant's personal knowing and intelligent waiver of a twelve-person jury is required. We therefore approve in part and quash in part the district court's decision.
Section 913.10, Florida Statutes (1985), and Florida Rule of Criminal Procedure 3.270 state that twelve persons shall constitute a jury to try all capital cases, and six persons shall constitute a jury to try all other criminal cases. This Court has previously held that, for the purposes of this statute and rule, a capital crime is one where death is a possible punishment. State v. Hogan, 451 So.2d 844 (Fla. 1984). See Rusaw v. State, 451 So.2d 469 (Fla. 1984); Rowe v. State, 417 So.2d 981 (Fla. 1982); Donaldson v. Sack, 265 So.2d 499 (Fla. 1972); see also Fla.R.Crim.P. 3.140(a)(1) ("Capital Crimes. An offense which may be punished by death shall be prosecuted by indictment."). In subsection 782.04(1)(a), Florida Statutes (1985), the legislature classified first-degree murder as a capital felony, alternatively punishable by death or by life imprisonment with no parole for twenty-five years as provided in subsection 775.082(1), Florida Statutes (1985). A defendant charged with first-degree murder, therefore, has a statutory right to trial by a twelve-person jury.
The state contends that, when it waives the death penalty in a first-degree murder case, a defendant is no longer entitled to a twelve-person jury because death is not a possible punishment. We disagree. It is well settled that the legislature has the power to define crimes, set punishments, and prescribe the number of jurors (not less than six). The prosecutor has no such power. The prosecutor cannot, by electing not to seek the death penalty, change the classification of an offense from capital to noncapital and unilaterally determine whether a defendant is entitled to trial by a twelve-person jury. A court cannot do this either. Alfonso v. State, 528 So.2d 383 (Fla. 3d DCA), review denied, 528 So.2d 1183 (Fla. 1988). See State v. Bloom, 497 So.2d 2 (Fla. 1986). Because Griffith was indicted for first-degree murder, which may be punished by death, and for which the legislature prescribed a twelve-person jury, Griffith is entitled to a trial by a twelve-person jury unless that right is waived jointly by the state and the defense.
We reach this decision notwithstanding our ruling in Hogan which permitted trial by a six-person jury in a capital sexual battery case. In Hogan we examined, in consonance with the state and federal constitutions, the legislature's authorized imposition of the death penalty for sexual battery of a child; not whether the prosecutor later decided to seek the death penalty.[1]See § 794.011(2), Fla. Stat. (1981). Because *530 Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982), declared a death sentence for child rape constitutionally impermissible, we did not require a trial by a twelve-person jury because death was no longer a possible penalty as a matter of law.[2]
The remaining question for our resolution is whether Griffith's right to trial by a twelve-person jury was effectively waived. We answer this question in the affirmative. In reaching this conclusion we must disagree with the district court's holding that an effective waiver requires an on-the-record showing of Griffith's own personal knowing and intelligent waiver. As we stated in State v. Singletary, 549 So.2d 996, 997 (Fla. 1989):
During the course of a criminal trial, defense counsel necessarily makes many tactical decisions and procedural decisions which impact upon his client. It is impractical and unnecessary to require an on-the-record waiver by the defendant to anything but those rights which go to the very heart of the adjudicatory process, such as the right to a lawyer, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 ... (1968), or the right to a jury trial. Fla.R.Crim.P. 3.260.
(Emphasis added.)
While a defendant's right to a jury trial is indisputably one of the most basic rights guaranteed by our constitution, Griffith has not been deprived of this fundamental right. He received a trial by a six-person jury as mandated by the constitution in article I, section 22, Florida Constitution.[3] Although the record lacks Griffith's personal waiver of his statutory right to trial by a twelve-person jury, it indicates that Griffith's counsel, the state, and the court discussed the matter.[4] Griffith should not now be heard to complain. As stated in Jones v. State, 484 So.2d 577, 579-80 (Fla. 1986):
Recognizing that the role of defense counsel necessarily involves a number of tactical decisions and procedural determinations inevitably impacting on a defendant's constitutional rights, we find that no useful purpose would here be served by requiring the court to ensure that, in this instance, counsel's conduct truly represents the informed and voluntary decision of the client. See Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 ... (1976).
The decision to proceed to trial with a jury of six persons, in lieu of twelve, in exchange for the state's agreement to waive the death penalty, must be considered a tactical decision within the scope of Jones and Singletary. This tactical decision should be equated with other instances wherein this Court has held a defendant's personal on-the-record waiver unnecessary for a waiver to be effective.[5]See, e.g., Torres-Arboledo v. State, 524 So.2d 403 *531 (Fla. 1988) (defendant's right to testify does not fall within category of rights which go to the very heart of the adjudicatory process, therefore, no on-the-record waiver required), cert. denied, ___ U.S. ___, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988); Roberts v. State, 510 So.2d 885 (Fla. 1987) (no record showing is required of defendant's waiver of his presence at jury view), cert. denied, 485 U.S. 943, 108 S.Ct. 1123, 99 L.Ed.2d 284 (1988); Jones v. State, 484 So.2d 577 (Fla. 1986) (in a noncapital case the defendant's right to have the jury instructed on all necessarily lesser included offenses does not require a record showing of his personal waiver of that right).
Therefore, we approve that portion of the district court's opinion which holds that the state's waiver of the death penalty in a capital case does not automatically permit trial by a six-person jury and quash that portion which holds that the defense's waiver in this case was ineffective.
It is so ordered.
EHRLICH, C.J., and SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
OVERTON, J., concurs in result only with an opinion.
OVERTON, Justice, concurring in result only.
This is not a death penalty case. In my view, when the death penalty cannot be imposed, a defendant is not entitled to a twelve-person jury since the cause is no longer a capital case. We previously held that the procedural and substantive advantages inuring to a defendant in a capital case no longer apply when the death penalty cannot be imposed. Reino v. State, 352 So.2d 853 (Fla. 1977), receded from, Perez v. State, 545 So.2d 1357 (Fla. 1989); see also Heuring v. State, 513 So.2d 122 (Fla. 1987); State v. Hogan, 451 So.2d 844 (Fla. 1984).
NOTES
[1] This Court undertook a similar analysis in Donaldson v. Sack, 265 So.2d 499 (Fla. 1972), in holding that first-degree murder was no longer a capital crime because Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), had declared Florida's statutes implementing the death penalty unconstitutional. See also Heuring v. State, 513 So.2d 122 (Fla. 1987) (Bufford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982), declared that sexual battery is not punishable by death, therefore, it is not a capital offense and may be charged by information); Reino v. State, 352 So.2d 853 (Fla. 1977) (two-year statute of limitations for noncapital crimes applies where offense was committed between Furman and date of revised death penalty statute), receded from on other grounds, Perez v. State, 545 So.2d 1357 (Fla. 1989); Lowe v. Stack, 326 So.2d 1 (Fla. 1974) (capital offenses reinstituted on the effective date of the statute implementing the death penalty).
[2] In State v. Hogan, 451 So.2d 844 (Fla. 1984), we noted that the legislature's classification of the sexual battery proscribed by § 794.011(2), Fla. Stat. (1985), as a capital crime determined several other consequences of the crime. Batie v. State, 534 So.2d 694 (Fla. 1988). See Rusaw v. State, 451 So.2d 469 (Fla. 1984).
[3] Art. I, § 22, Fla. Const., states that "[t]he right of trial by jury shall be secure to all and remain inviolate. The qualifications and the number of jurors, not fewer than six, shall be fixed by law." See also art. I, § 16, Fla. Const. (accused shall have a speedy and public trial by an impartial jury).
[4] The following exchange took place on the record.

[THE COURT]: I think that's by far the simplest way to do it. We will put 18 in and as I understand the death penalty is not sought and we are going to proceed with a six person jury; is that correct?
MR. LAESER: [Prosecutor]: My understanding, yes sir.
MR. KRASNOW: [Defense counsel]: Yes, sir.
[5] Although we expressly hold that the trial court did not have an affirmative duty to make a record inquiry concerning Griffith's waiver of a trial by a twelve-person jury, when a defense waiver is required as to any aspect or proceeding of a trial, it would be the better procedure for the trial court to make an inquiry of the defendant and to have the waiver appear on the record. The matter would thus be laid to rest and preclude any appeal or postconviction claims of ineffective assistance of counsel.