PADOVANO, Judge.
Zachary DeAngelo Smart, the defendant, appeals his conviction for first degree murder. The sole argument for reversal is that the trial court erred in accepting defense counsel’s waiver of a twelve-person jury and allowing the case to proceed to trial by a jury of six. The defendant was not present when the waiver was announced by counsel, and because the defendant repudiated the waiver and objected to a six-person jury before the panel was sworn, we conclude that the trial court erred in allowing the case to proceed to trial by a six-person jury. Therefore, we reverse the defendant’s conviction and remand this case for a new trial.
The state charged the defendant by indictment with the first degree murder of Gerald Burt Jackson on April 26, 1994, and the defendant entered a plea of not guilty. Following the withdrawal of a private attorney and two court-appointed attorneys, the trial court appointed attorney Francis Jerome Shea to represent the defendant. During the course of the pretrial proceedings, the defendant filed a pro se motion in which he asked the court to dismiss Shea as his lawyer. The trial court held a hearing on the defendant’s request, inquired of the defendant at length, and ultimately determined that the defendant could not proceed without counsel.
Jury selection began on April 24, 1995. Before the defendant arrived in the courtroom, the prosecutor informed the trial court that the state was not seeking the death penalty. In response to a question by the court, attorney Shea confirmed that he had agreed to waive the defendant’s right to a trial by a twelve-person jury. The defendant was present before the court and the jury venire when the case was called for trial and he participated in the jury selection process. By the end of the day, the parties had selected six jurors and two alternates. The trial *450 court decided to send the jurors home for the evening and to begin the trial on the next day. The court gave the preliminary instruction but did not administer the oath to the jurors before they left the courthouse for the evening.
On the next day, attorney Shea informed the court that the defendant had asked him why the court had seated only six jurors. Shea explained that the waiver of a twelve-person jury was a concession for the state’s agreement not to seek the death penalty. As Shea reported to the court, however, the defendant did not wish to go along with the agreement and he objected to a trial by a jury of six. At that point, the trial court questioned the defendant about the waiver Shea had earlier announced on the defendant’s behalf. The defendant said that he understood that if he were allowed to have a jury of twelve, the state could withdraw its agreement not to seek the death penalty. Nevertheless, he told the court that he wanted to exercise his right to a trial by a jury of twelve. The court overruled the defendant’s objection on the ground that the waiver by counsel was a tactical decision.
After the defendant’s objection was overruled, the clerk of the court administered the oath to the six jurors and two alternates and the trial began. The jury found the defendant guilty as charged of first degree murder and on May 26, 1995, the court imposed a sentence of life in prison with a mandatory minimum term of twenty-five years. This appeal followed.
Section 913.10, Florida Statutes, provides that “[tjwelve persons shall constitute a jury to try all capital cases, and six persons shall constitute a jury to try all other criminal cases.”[1] The term “capital case” is used in this statute to refer to an offense that could result in the imposition of the death penalty. State v. Hogan, 451 So.2d 844 (Fla.1984). Because the defendant was charged with first degree murder, an offense that could be punished by a sentence of death, he was entitled to have a trial by a jury of twelve persons. The trial court could proceed lawfully with a jury of six persons only if the defendant had waived his right to a jury of twelve.
A waiver of the right to a twelve-person jury can be effective even if made only by defense counsel and not by the defendant personally. As the supreme court explained in State v. Griffith, 561 So.2d 528 (Fla.1990), “[t]he decision to proceed to trial with a jury of six persons, in lieu of twelve, in exchange for the state’s agreement to waive the death penalty, must be considered a tactical decision” like others that can be made by counsel. Based on this reasoning, the supreme court held that the trial court is not required to obtain a personal waiver by the defendant to accept a decision by counsel to proceed with a jury of six persons.
Although a stipulation by counsel to proceed with a jury of six can be valid under Griffith in the absence of a personal waiver by the defendant, it does not follow that such a waiver can be effective even though it was expressly repudiated by the defendant as it was in the present case. As we explained in Howell v. State, 687 So.2d 1339 (Fla. 1st DCA 1997), the rule in Griffith is based in part on the principle that a defendant must preserve an issue for review by an objection in the trial court. Because the defense lawyer’s waiver of a six-person jury is sufficient under Griffith, a defendant who does not object until after the trial has waived the right to argue the issue on appeal. Here we have a different situation. The defendant personally repudiated the waiver by counsel and objected to a six-person jury before the jury was sworn. Under these circumstances we cannot agree that the defense lawyer’s waiver was effective.
As the court in Griffith acknowledged, the right to a jury trial is “undisputedly one of the most basic rights guaranteed by our constitution.” Id. at 530. A criminal defendant has a right to make many important decisions concerning the method of trial and the composition of the jury. For example, the defendant has a right to decide whether to *451 waive a jury trial in favor of a bench trial, State v. Upton, 658 So.2d 86 (Fla.1995), whether to waive the requirement that the jury verdict be unanimous, Flanning v. State, 597 So.2d 864 (Fla. 3d DCA 1992), and whether to proceed in a noncapital case with a jury of fewer than six persons. Blair v. State, 667 So.2d 834 (Fla. 4th DCA 1996). Likewise, a criminal defendant has a right to be present in court during the time the jury is selected and empaneled. Fla.R.Crim.P. 3.180. The right to be present during jury selection would be meaningless if the defendant were not allowed to participate in the process.
We cannot equate the absence of a personal waiver by the defendant with an express repudiation of an unauthorized waiver by counsel. Some important decisions made by the defendant in the course of a criminal trial are not invariably placed on the record. For example, an appellate court could not reverse a criminal conviction on direct appeal merely because the record did not show the defendant had personally waived the right to testify. See Torres-Arboledo v. State, 524 So.2d 403 (Fla.1988). Yet it is clear the court would not approve of a situation in which the defendant personally expressed a desire to testify at trial and was overruled by his counsel and the trial judge.
The state contends that the defendant was not competent to waive the right to a twelve-person jury. This argument is based on the trial court’s previous ruling in which the court had denied the defendant’s request to represent himself. According to the state, if the defendant was not competent to make the choice of self-representation, then he could not make an intelligent choice to waive the right to a twelve-person jury. This argument overlooks the fact that the defendant’s competency to proceed with the trial had not been challenged. If the defendant is competent to proceed with the trial, then he has all of the rights that inure to defendants at trial, and those rights are not impaired merely because the trial court has determined that he could not represent himself. We acknowledge that the defendant may have been better off with the agreement made by his counsel, but that is not for us to decide. The point of our decision is that the ultimate choice to waive the right to a jury of twelve is one that belongs to the defendant, not his counsel.
Alternatively, the state contends that the trial court properly rejected the defendant’s purported repudiation of the waiver because it was equivocal. In support of this contention the state draws an analogy to the principle that allows the court to reject an equivocal waiver of the right to counsel. See Hardwick v. State, 521 So.2d 1071 (Fla.1988). The principle could be applied to a waiver of the right to a twelve-person jury, but the record in this ease does not show that the defendant’s waiver was equivocal. As the following portion of the record reveals, the defendant objected to a six-person jury and demanded a twelve-person jury even if that meant that the state could withdraw its agreement not to seek the death penalty.
COURT: You want the State to withdraw— go back with the death penalty and have a 12 man jury?
THE DEFENDANT: About the death penalty, I don’t want to go for the death penalty.
THE COURT: Well, that was the trade off as I understand your attorney and the State made, they decided not to seek death if you accepted [a] six man jmy.
THE DEFENDANT: I wasn’t aware of that.
THE COURT: Well, your attorney advised you about that.
THE DEFENDANT: Well, excuse me, for cutting you off but he advised me after the proceeding yesterday, he didn’t advise me of that before.
THE COURT: All right. You don’t want to do that, you want the State to go ahead and seek death and go with a 12 man jury?
THE DEFENDANT: Yes, sir, I want [a] 12 man jury.
THE COURT: You want the State to seek death? That was the trade off as I understand it between your attorney and the state.
THE DEFENDANT: If that’s their job that’s what they’ve got to do.
*452 THE COURT: No, that’s not the answer to my question. The State made a trade off with your attorney, they would not seek death if you would waive the 12 man jury and proceed with [a] six man jury.
THE DEFENDANT: Well, I want a 12 man jury.
THE COURT: You can’t have both.
THE DEFENDANT: Well, I’m just saying if he got to seek death penalty, death, [sic] him seek the death penalty.
Given this categorical statement, we cannot say that the defendant failed to communicate his intention to repudiate the previously undisclosed waiver by counsel.
In summary we hold that the court erred in allowing the case to proceed to trial by a jury of six persons. The defendant’s objection to a six-person jury on the record before the jurors had been sworn effectively repudiated his lawyer’s stipulation to waive a twelve-person jury in return for the state’s agreement not to seek the death penalty.
Reversed.
ALLEN, J., concurs.
MINER, J., concurring specially.

. The quoted language of section 913.10, Florida Statutes, is restated verbatim in rule 3.270 of the Florida Rules of Criminal Procedure.