DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JAIME SERRANO-DELGADO,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-1086

_____

August 7, 2024

Appeal from the Circuit Court for Manatee County; Lon S. Arend, Judge.

Howard L. Dimmig, II, Public Defender, and Emily Ross-Booker, Special Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and J. Wade Stidham, Assistant Attorney General, Tampa, for Appellee.


LaROSE, Judge.

Jaime Serrano-Delgado appeals his judgment and sentences for battery, capital sexual battery, and lewd or lascivious molestation of a child under the age of twelve. *See* § 784.03(1)(a), Fla. Stat. (2020); § 794.011(2)(a), Fla. Stat. (2020); § 800.04(5)(b), Fla. Stat. (2020). We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A), 9.140(b)(1)(A), (F). Mr. Serrano-Delgado raises three issues on appeal. Each lacks merit. We affirm Mr. Serrano-Delgado's judgment and sentences in all respects.

We write only to address Mr. Serrano-Delgado's argument that he was entitled to a twelve-person jury in his non-capital case.[1]

The State charged Mr. Serrano-Delgado with three counts of capital sexual battery and one count of lewd or lascivious molestation of a child under the age of twelve. *See* § 794.011(2)(a); § 800.04(5)(b). The offenses occurred between March 1, 2020, and May 18, 2020. The trial court empaneled a six-person jury for trial because a 12-person jury was not required for the charged crimes. *See* §§ 794.011(2)(a); 800.04(5)(b); 913.10, Florida Statutes (2020); *State v. Hogan*, 451 So. 2d 844, 845 (Fla. 1984).

The trial court granted Mr. Serrano-Delgado's motion for judgment of acquittal on one count of capital sexual battery. Thereafter, the jury found Mr. Serrano-Delgado guilty of one count of the lesser-included offense of battery, a first-degree misdemeanor; one count of capital sexual battery; and one count of lewd or lascivious molestation of a child under the age of twelve. The trial court sentenced Mr. Serrano-Delgado concurrently to time served on the battery count and life in prison, without the possibility of parole, on the remaining counts.

Mr. Serrano-Delgado argues that the six-person jury empaneled for his trial violated his right to a jury trial and right to due process of law. Amends. VI, XIV, U.S. Const.

---

[1] Although sexual battery of a child is labeled a "capital" offense, it is not a "capital case" requiring a twelve-person jury under section 913.10, Florida Statutes (2020). Death was not a permissible penalty at the time of the offenses. *See* § 794.011(2)(a); § 775.082(1)(b)2, Fla. Stat. (2020); *State v. Hogan*, 451 So. 2d 844, 845 (Fla. 1984). Recent legislation now permits imposition of the death penalty for capital sexual battery of a child committed on or after October 1, 2023. *See* § 921.1425(11), Fla. Stat (2023); ch. 2023-25, § 6, Laws of Fla.

Mr. Serrano-Delgado did not raise this issue at trial. Consequently, we review this issue for fundamental error. *See Simpson v. State*, 368 So. 3d 513, 520 (Fla. 5th DCA 2023) (Pratt, J., concurring) ("Simpson's attacks on his six-person jury were not raised below, so we review them for fundamental error."); *see also Trushin v. State*, 425 So. 2d 1126, 1129-30 (Fla. 1982) (explaining that an argument concerning "[t]he facial validity of a statute . . . can be raised for the first time on appeal" because it raised fundamental error).

Mr. Serrano-Delgado's claim fails under current constitutional law. The Florida Constitution provides that: "The right of trial by jury shall be secure to all and remain inviolate. The qualifications and the numbers of jurors, not fewer than six, shall be fixed by law." Art. I, § 22, Fla. Const. A Florida statute states that "[t]welve persons shall constitute a jury to try all capital cases, and six persons shall constitute a jury to try all other criminal cases." § 913.10, Fla. Stat. (2020); *see also* Fla. R. Crim. P. 3.270 (providing same).

In *Williams v. Florida*, 399 U.S. 78, 86 (1983), the United States Supreme Court held that Florida's use of a six-person jury does not violate the Sixth or Fourteenth Amendment. The Court reasoned that no historical evidence shows that a twelve-person jury was an indispensable component of the Sixth Amendment or that the Framers intended to require a twelve-person jury. *Id.* at 100.

*Williams* is binding precedent and "indisputably remains good law." *Simpson*, 368 So. 3d at 520 (Pratt, J., concurring); *see Morales-Alaffita v. State*, 376 So. 3d 791, 793 (Fla. 2d DCA 2023); *Gonzalez v. State*, 982 So. 2d 77, 78 (Fla. 2d DCA 2008); *Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022) (stating district courts cannot overrule Supreme

3

Court precedent, and the "Supreme Court has not revisited its express holding in *Williams*"). We must follow it. *See Gonzalez*, 982 So. 2d 78.

Relying on *Ramos v. Louisiana*, 590 U.S. 83 (2020), Mr. Serrano-Delgado insists that the law may be shifting in his favor. He asserts that *Williams* is bad law and due to be overruled. However, Mr. Serrano-Delgado seemingly ignores the fact that *Ramos* involved the unanimity of jury verdicts, not jury size. *See* 590 U.S. at 93 (holding unanimity is an essential element of the Sixth Amendment and must be met). Juror unanimity has always been a crucial component of the Sixth Amendment. *See Williams*, 399 U.S. at 100. And, of course, *Ramos* did not overrule *Williams*.

At least one of our appellate court colleagues questions the continued vitality of *Williams*. *See Phillips v. State*, 316 So. 3d 779, 787-88 (Fla. 1st DCA 2021) (Makar, J., concurring) (claiming that, following *Ramos*, the reasoning in *Williams* "may be ripe for re-evaluation"). Mr. Serrano-Delgado also suggests that at least one Supreme Court justice is ready to hold that a six-person jury violates a criminal defendant's due process of law rights.

In dissenting from a denial of certiorari, Justice Gorsuch, the author of *Ramos*, declared that:

> If there are not yet four votes on this Court to take up the question whether *Williams* should be overruled, I can only hope someday there will be. In the meantime, nothing prevents the people of Florida and other affected States from revising their jury practices to ensure no government in this country may send a person to prison without the unanimous assent of [twelve] of his peers. If we will not presently shoulder the burden of correcting our own mistake, they have the power to do so.

*Cunningham v. Florida*, 144 S. Ct. 1287, 1288 (2024) (Gorsuch, J., dissenting).

4

With all due respect, Justice Gorsuch is but one voice on the Supreme Court.  We are bound by precedent, not by what one Supreme Court Justice wishes.  Therefore, the use of a six-person jury at Mr. Serrano-Delgado's trial did not constitute a violation of federal or Florida constitutional rights.

Affirmed.


CASANUEVA and MORRIS, JJ., Concur.

———————————————————

Opinion subject to revision prior to official publication.